KSLA–TV, INC., Plaintiff-Appellant
Cross-Appellee,

v.

RADIO CORPORATION OF AMERICA,
Defendant-Appellee Cross-Appellant,

v.

STAINLESS, INC., et al.,
Defendants-Appellees.

No. 81–3528.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1982.

McGlinchey, Stafford & Mintz, C.G. Norwood, Jr., B. Franklin Martin, New Orleans, La., for plaintiff-appellant cross-appellee.

Bodenheimer, Jones, Klotz & Simmons, G.M. Bodenheimer, Shreveport, La., for RCA.

Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., New Orleans, La., for Stainless.

Alex F. Smith, Jr., Shreveport, La., for Bethlehem Steel Corp.

Adams & Reese, Robert B. Nolan, New Orleans, La., for Lexington Ins. Co.

Cook, Yancey, King & Galloway, Herschel E. Richard, Jr., Shreveport, La., for Home Ins. Co.

Before BROWN, WISDOM and RANDALL, Circuit Judges.

PER CURIAM:

The appeal in this diversity action controlled by Louisiana law is from an order granting the defendant's motion for summary judgment. The case involves the Louisiana preemptive statute, La.Rev.Stat. Ann. § 9:2772 (West Supp. 1981),[1] as applied to a complaint seeking damages for the collapse of a broadcasting tower.

On May 15, 1964, KSLA of Shreveport, Louisiana, and Radio No. Corporation of America (RCA) entered into a contract for the purchase and installation of a television tower, designed to hold an RCA television antenna. The contract provided for a tower 1,709 feet in height. RCA entered into a subcontract with Stainless, Inc. to design and fabricate the tower. Stainless informed KSLA on November 17, 1964, that "installation is in accordance with Stainless, Inc. drawings and ... no outstanding deficiencies on the tower exists [sic] at this time".[2] On October 8, 1977, the tower collapsed due to undetermined causes. KSLA filed this action on October 4, 1978, seeking damages from RCA and Stainless in the amount of $1,269,986 for out-of-pocket expenses, and $575,000 for loss of income.[3] RCA filed a third party complaint against Stainless and Stainless filed a third party complaint against Bethlehem Steel, which had supplied Stainless with the steel components of the tower.

Early in the litigation and before any discovery, RCA and, later, Stainless moved for summary judgment, alleging that KSLA's claim was preempted under the ten-year liberative period that Louisiana Rev.Stat.Ann. § 9:2772 establishes for claims arising from "the construction of an improvement to immovable [real] property". The statute is inapplicable to a contract of sale. The trial court denied these motions on the ground that resolution of the issue depended "upon the characterization of the transactions between KSLA and RCA as a construction contract or as a contract of sale", an issue of fact inappropriate for summary disposition.

The parties then engaged in extensive discovery. When discovery had been virtually completed Stainless renewed its motion for summary judgment relying on an affidavit and numerous exhibits to establish that the transaction was a construction contract, not a contract of sale to which § 2772 would be inapplicable. KSLA filed a cross-motion for summary judgment against RCA and Stainless, asserting that the preemptive statute was inapplicable, that KSLA was entitled to a judgment in its favor for breach of warranty, and that issues of material fact precluded summary judgment in favor of Stainless. The district court granted the motion of Stainless for summary judgment and denied KSLA's

1. As amended in 1978 and 1981, § 9:2772 provides:

A. No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought ... against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; ...
B. The causes which are preempted within the time described above include any action:
(1) For any deficiency in the ... design, planning, inspection or observation of construction, or in the construction of any improvement to immovable property;
(2) For damage to property, movable or immovable, arising out of any such deficiency;
...

2. The completed structure, including the antenna, was 1800 feet high, had solid steel legs, and was held in position by 26 steel cables. The tower weighed 1,040,153 pounds and rested on a concrete slab weighing 104,000 pounds. Six concrete guy wire anchors, weighing 450,000 pounds and embedded 15 feet in the ground, provided additional support.

3. By subsequent amendments to the complaint KSLA added as defendants Paxton National Insurance Company, Lexington Insurance Company, Zurich Insurance Company, and Home Insurance Company, alleging that they insured RCA or Stainless against the claims asserted by KSLA.

motion for summary judgment against RCA and Stainless. Later, the court granted motions by RCA and its insurers for summary judgment against KSLA, and Stainless was awarded summary judgment on a contractual indemnity claim RCA had asserted. KSLA moved for reconsideration and on denial of this motion appealed. RCA appealed the dismissal of its claim against Stainless.

In his ruling the trial judge stated:

KSLA opposes the motion on three distinct grounds. First, KSLA continues in its belief that the transaction was a contract of sale, so that § 2772 is inapplicable. KSLA argues alternatively that, even if the transaction was a construction contract, § 2772 cannot constitutionally be applied to this particular contract. Finally, KSLA contends that § 2772 does not apply to Stainless in its capacities as materialmen and manufacturer of component parts, and that a negligence action brought against Stainless in that capacity is not barred by § 2772.

The trial judge's opinion is well-researched, carefully reasoned, and correctly sets forth the applicable law. We adopt the opinion as our own and affirm the judgment as to the three issues the trial judge considered in his opinion. But on appeal, and in the memoranda KSLA filed in the district court on the motion for a summary judgment and also in support of the motion for reconsideration, KSLA raised two issues the trial judge did not specifically address. These are:

1) La.R.S. 9:2772 does not apply to negligence for failure to warn when the duty to warn arises from subsequently obtained knowledge; that is, knowledge of a defect obtained after the construction of the tower, here presumably the vulnerability of a tall tower to "galloping" guy wires. (The vibration of guy wires resulting from a relative low wind).

2) Preemption cannot be invoked to bar a claim against one who fraudulently conceals defects in his product.

It is evident from the record and the briefs that the plaintiff gave a low priority

to these contentions. Nevertheless, they were raised and should be disposed of in the first instance by the district court. We express no opinion as to the validity of these contentions or the effect that § 9:2772 has on these claims.

The judgments of the district court on the various motions and cross-motions are AFFIRMED insofar as they are affected by the decision of the district court on the three issues discussed in its memorandum rulings. The case is REMANDED for further proceedings on the two issues not specifically addressed by the district court in its memorandum rulings.