499 So.2d 348 (1986)
Brownlee McMAHON
v.
COOL-VUE ALUMINUM HOME IMPROVEMENT, INC.
No. CA-3875.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
*349 S. Sanford Levy, New Orleans, for plaintiff-appellant.
Trudy H. Oppenheim, New Orleans, for defendant-appellee.
Before GARRISON and ARMSTRONG, JJ., and PRESTON H. HUFFT, J. Pro Tem.
GARRISON, Judge.
This is an appeal from a judgment of the district court rendered on December 5, 1984 in favor of plaintiff Brownlee McMahon and against defendant Cool-Vue Aluminum Home Improvement, Inc. in the amount of $2,500.00 with legal interest from the date of judicial demand and costs. The judgment also dismisses defendant's "peremptory exceptions of prescription". From that judgment, defendant appeals.
On November 29, 1971 Mr. McMahon entered into a contract with the defendant for construction of a "Four Seasons Room"[1] for the price of $5,200.00 at Mr. McMahon's home at 5225 McArthur Boulevard in Algiers. Defendant's employees designed, planned, and constructed the "Four Seasons Room". Construction was completed on March 15, 1972. On approximately 10 or 11 occasions between the date on which construction was completed and the date on which suit was filed, July 13, 1983, Cool-Vue received complaints of leaking water and attempted to stop the leak by various types of repairs. Most of Cool-Vue's repairs were made at its own expense although Mr. McMahon did pay $368.00 for materials on one occasion and $206.17 for guttering on another occasion.
On April 15, 1981, Cool-Vue offered the McMahons four alternatives which Cool-Vue believed might solve the leaking roof problem, all to be borne at Cool-Vue's expense:
"1. To remove existing Honeycomb roof panels and furnish and install a new Aluminum Patio roof W type structural panel with skylights.
2. To remove existing Honeycomb roof panels on complete roof and furnish and install a new Aluminum Patio roof with V type structural panel with Suspended Ceiling.
3. To remove existing damaged portion of Honeycomb roof panels which is 5 panels 15' wide. Furnish and install 5 new Honeycomb Panels with Aluminum Beam understructure to support the new 5 panels.
4. To remove and haul away complete Honeycomb Roof Section only and refund you a check for $1,036.00 so you can proceed to purchase a roof of your choice."
Mr. McMahon refused all 4 options on the basis that they "were not what he had bargained for."
Additionally, Cool-Vue had also offered to place two horizontal steel beams beneath and across the roof span to support the roof. This offer was also refused.
*350 Cool-Vue designed and constructed the roof that is at issue. Expert testimony reveals that the roof leaks because there is insufficient slope to encourage run-off. Thus the roof design is defective. It is apparent that the roof has continued leaking almost from the day it was completed. Accordingly, it has never been "fit for the use for which it was intended."
Defendants filed exceptions of peremption and prescription which the trial court referred to the merits until after trial was had. The judgment states that the "peremptory exceptions of prescription ... are... dismissed." The trial court erred in this ruling. R.S. 9:2772(A) provides as follows:
"A. No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought ... or against any person performing or furnishing the design, ... or the construction of an improvement to immovable property:

(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
(Emphasis supplied).
In the instant case, construction was completed on March 15, 1972. No acceptance of the work was recorded. The McMahons took possession of the work on March 15, 1972 when they moved plants and furnishings into the area and began using it. Six months from March 15, 1972 is September 15, 1972. Ten years from that date is September 15, 1982, the last date on which an action could be brought under R.S. 9:2772. Suit was not filed until July 13, 1983. Accordingly, the trial court erred in overruling defendant's exception of peremption.
For the reasons discussed, the judgment of the district court is reversed.
REVERSED.
NOTES
[1] The "Four Seasons Room" is similar to a screened porch. It had glass windows around the room. Approximately 1/3 to 1/2 of the wall height was bricked, the windows atop the brick. The bricks rested on a cement footing poured for this construction. Atop the windows was an insulated Honeycomb aluminum roof-like structure.