571 So.2d 870 (1990)
Preston GUIDRY, Jr., Plaintiff,
v.
SUNSET RECREATION CLUB, INC., Defendant-Third Party Plaintiff-Appellant,
W.R. Hathorn, Jr. and Hathorn Manufacturing Company, Third Party Defendants-Appellees.
No. 89-694.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
Rehearing Denied January 16, 1991.
*871 Moroux, Domengeaux & Davis, Anthony D. Moroux, Lafayette, for plaintiff-appellee.
Olivier & Brinkhaus, Armand Brinkhaus, Sunset, for defendant-appellant.
Roy, Carmouche, Bivins, Judice, Henke & Breaud, John Biviens, Lafayette, for defendant-appellee.
Before GUIDRY, FORET and KING, JJ.
GUIDRY, Judge.
The sole issue on appeal concerns whether the defendant, Sunset Recreation Club, Inc. (hereafter Sunset), timely filed its third party demand for indemnity or contribution against W.R. Hathorn, Jr. and Hathorn Manufacturing Company (hereafter collectively Hathorn). The trial court dismissed Sunset's third party demand concluding that it was untimely.[1]

*872 FACTS
Plaintiff, Preston Guidry, Jr., sustained personal injury on January 18, 1986 as a result of the failure of a handrail on the premises of defendant, Sunset. Although the record does not establish exactly when construction of the Sunset building commenced, it was sufficiently complete to be occupied by January 13, 1978, on which latter date a "cockfight derby", open to the public, was held on the premises. Guidry filed suit against Sunset and Hawthorne Construction Company, Inc. (hereafter Hawthorne) on January 16, 1987. Sunset filed a third party demand against Hawthorne on August 11, 1987.[2] On January 18, 1988, Sunset filed a third party demand against W.R. Hathorn, Jr. and Hathorn Manufacturing Company. Hathorn filed an exception pleading the peremption of ten years, pursuant to La.R.S. 9:2772. The trial court sustained Hathorn's exception and Sunset appealed.
The first issue on appeal concerns the intended meaning of the provisions of La.R.S. 9:2772(A). Sunset urges that because it did not record an acceptance of the construction in the mortgage office for St. Landry Parish, that the applicable peremptive period is ten years and six months from the date of initial occupancy and, therefore, the institution of its third party demand was timely. In this regard, Sunset relies upon the interpretation afforded La. R.S. 9:2772(A)(2) by McMahon v. Cool-Vue Aluminum Home Improvement, Inc., 499 So.2d 348 (La.App. 4th Cir.1986). The court in McMahon interpreted the statuteas providing that if no acceptance is recorded in the mortgage office, the ten year peremptive period commences six months after occupancy.
We respectfully disagree with the McMahon interpretation of the language of the statute and decline to follow same.
La.R.S. 9:2772 provides in part:
"A. No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
. . ."
We find the language of the statute to be clear and precise. If an acceptance of the construction is recorded within six months of occupancy, the peremptive period commences on the date the acceptance is recorded. On the other hand, if no acceptance is recorded within six months of occupancy, the peremptive period commences on the date of occupancy. The trial court so held and we agree.
Sunset next urges that the trial court erred when it concluded that Sunset occupied the building on January 13, 1978. La.R.S. 9:2772(A)(2) provides for the peremptive period to commence "from the date the owner has occupied or taken possession of the improvement, in whole or in part ...". (Emphasis added) It is clear from the record that a "cock-fight derby", open to the public, was conducted in the Sunset building beginning January 13, 1978. Sunset claims that the building was not fully completed on that date, however, it was forced to occupy the building because the old building had been torn down and announcements of the derby for January 13, 1978 had been placed in three national *873 journals. The trial court found no merit in this argument. We agree. Under the statute, commencement of the peremptive period does not hinge on whether the construction is fully completed or substantially completed but rather the date when occupancy begins or possession is taken. In our view, the nature of the occupancy of the Sunset building, which occurred on January 13, 1978, was occupancy or possession of the improvement within the purview of the statute, regardless of the reason prompting such use.
Sunset next argues that the trial court erred when it failed to consider the provisions of La.R.S. 9:2772 in light of the jurisprudence interpreting the Private Works Act (La.R.S. 9:4801 et seq.), which Sunset suggests would prompt the conclusion that occupancy or possession prior to the last delivery of materials or last work on the project is not sufficient to trigger the commencement of peremption. In this connection, Sunset argues that on January 13, 1978, the building was not substantially complete. We find this argument equally without merit.
The provisions of La.R.S. 9:2772 are clear and precise. To defer the tolling of peremption until occupancy after substantial completion or after the last work on the project was performed would directly contravene the provisions of the statute. The statute makes no reference to substantial completion of construction or the date when the last material is furnished or the last work performed. Rather, the statute simply reckons the commencement of peremption from the date acceptance is filed for registry, or if no acceptance within six months of occupancy, the date the construction is occupied in whole or in part. We find no clear error in the trial court's determination that occupancy within the purview of the statute occurred on January 13, 1978.
Finally, Sunset argues that pursuant to La.C.C. art. 2324(C) the ten year peremptive period was interrupted on January 16, 1987 when Guidry filed suit against Sunset and Hawthorne. This argument is without merit.
La.C.C. art. 2324(C) provides that interruption of prescription against one joint tortfeasor is effective against all tortfeasors. In this case, we are not concerned with prescription but rather with peremption. The accrual of liberative prescription merely prevents the enforcement of a right of action and is subject to suspension and/or interruption. In contrast, peremption is a period of time fixed by law for the existence of a right (La.C.C. art. 3458) and following accrual of peremption, the right is forever lost. Peremption may not be renounced, interrupted or suspended. La. C.C. art. 3461.
La.R.S. 9:2772(B) provides in pertinent part as follows:
"B. The causes which are perempted within the time described above include any action:
(1) For any deficiency in the design, planning, inspection, supervision or observation of construction or in the construction of an improvement to immovable property;
. . . . .
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
. . . . .
This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person."
The trial court correctly determined that the Sunset building was first occupied, within the purview of La.R.S. 9:2772, on January 13, 1978. Sunset filed its third party demand against Hathorn on January 18, 1988, ten years and five days after occupancy. Therefore, Sunset's third party demand against Hathorn has perempted and must be dismissed with prejudice.
For these reasons, the judgment of the trial court is affirmed. Sunset Recreation *874 Club, Inc. is cast with all costs of this appeal.
AFFIRMED.
NOTES
[1] According to the record, the principal demand has not been tried and is still pending.
[2] Hawthorne Construction Company, Inc. was dismissed as a third party defendant by Sunset on April 17, 1989.