DUFRESNE, Judge.
This is an appeal by third-party plaintiff-appellants, Dolly Cacioppo and her homeowner’s insurer, Lafayette Insurance Company from a judgment sustaining an exception of no cause of action urged by third-party defendant-appellee, Fannie Bischoff, individually and as executrix of the estate of her late husband, Robert H. Bischoff. Because we find no error in this action by the trial judge, we affirm.
The following chronology of events giving rise to this matter is not disputed. On April 20, 1977, Ms. Cacioppo hired Robert Bischoff, d/b/a Kitchen World, to renovate her kitchen, and that work was completed on June 8, 1977, at which time she took possession of the premises. No acceptance of the work was ever filed in the mortgage office. On April 21, 1988, Ms. Cacioppo’s brother, Norvin Dugas, was replacing a sagging floor joist in the kitchen floor, and was electrocuted while attempting to remove an electrical wire from the old joist. It is alleged that this wire was defectively installed during the previous work by Mr. Bischoff in 1977.
On April 19, 1989, Jean Dugas, Norvin Dugas’ widow, sued Ms. Cacioppo and her homeowner’s insurer, Lafayette Insurance Company. These defendants in turn filed a third-party demand against Mrs. Bischoff, individually and as executrix of her husband’s estate, on April 12, 1990. Mrs. Bis-choff urged the exception of no cause of action on the grounds that by operation of La.R.S. 9:2772, any actions arising out of the work completed on June 8, 1977, were perempted. That exception was sustained, and third-party plaintiffs were given 15 days to cure this defect. No amended pleading was filed during this period, so judgment was entered dismissing the third-party demand with prejudice. Ms. Caciop-po and her insurer now appeal that judgment.
Appellants acknowledge in brief that if La.R.S. 9:2772 is applicable, then their third-party demands have been perempted *27 by the ten year limitation of the statute because Mr. Dugas was killed some 10 years and 10 months after completion of the original kitchen remodeling. They assert, however, that this statute does not apply to “remodeling” of an immovable, but only to new construction, and advance several theories as to why their claims against Bischoff have not otherwise prescribed. Because we conclude that La.R.S. 9:2772 is applicable, we do not consider these alternative theories.
The statute at issue provides pertinently as follows:
A. No action, whether ex contractu, ex delicto, or otherwise ... to recover on a contract or to recover damages shall be brought ... against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; ...
The accident at issue here occurred on April 21,1988. The work done by Bischoff was completed on June 8, 1977, and the owner occupied the premises on that date without recording acceptance of the work. In McMahon v. Cool-Vue Aluminum Home Improvement, Inc., 499 So.2d 348 (La.App. 4th Cir., 1986) the court indicated that when no acceptance of the work is recorded, paragraph (A)(2) of the statute extends the ten year period to ten years and six months. While we do not necessarily subscribe to that reading of this paragraph, if arguendo, it were deemed to be correct, that would not affect the result in the case before us because even this longer period of peremption would have expired on December 8, 1987, four months before the injury.
Appellants concede so much. They urge, however, that the phrase “construction of an improvement to immovable property” in paragraph (A) refers only to new construction, not to renovations, and therefore that the statute is inapplicable to this case. No jurisprudence is cited in support of this argument, nor are we able to find any. What we do find, however, is the case of Klein v. Allen, 470 So.2d 224 (La.App. 4th Cir., 1985) where the court applied the statute to an action arising out of “renovation” of a bank building. We see no reason to rule otherwise here.
We are further persuaded that the statute applies to renovations by the precise language of the statute itself, which refers to “improvement to immovable property”. Article 462 of the Civil Code provides that “Tracts of land, with their component parts, are immovables”. Article 463 defines buildings as “component parts,” and Article 464 further provides that buildings are “immovables” even when owned by someone other than the owner of the ground. See P.H.A.C. Services v. Seaways International Inc., 403 So.2d 1199 (La.1981). Thus, while a new home construction on a vacant lot is an “improvement to immovable property” it is equally the case that once such a home is built it becomes an immovable itself, and any further construction, be it a renovation or addition to the home, is likewise an “improvement to immovable property”.
For these reasons we hold that La.R.S. 9:2772 is applicable to the facts of this case, and that the judgment sustaining third-party defendant’s exception of no cause of action was correct. We therefore affirm that judgment.
AFFIRMED.