591 So.2d 800 (1991)
Anthony AKINS, et al.
v.
PARISH OF JEFFERSON, et al.
Nos. 91-CA-298 through 91-CA-302.
Court of Appeal of Louisiana, Fifth Circuit.
December 17, 1991.
Stay Order Denied; Writ Denied January 22, 1992.
*801 R. Glenn Cater, Jennifer N. Willis, William P. Quigley, David J. Foshee, Fulton Place, New Orleans, for plaintiffs-appellants Winesberry and Weatherspoon, et al.
Sam A. LeBlanc, III, Louis C. Lacour, Jr., Leslie A. Lanusse, Joey C. Marullo, New Orleans, for defendants-appellants Board of Commissioners of the West Jefferson Levee District and Parish of Jefferson.
Henri Wolbrette, III, Arthur H. Leith, New Orleans, for defendant-appellee J.J. Krebs & Sons, Inc.
Before GAUDIN and DUFRESNE, JJ., and FINK, J. Pro Tem.
GAUDIN, Judge.
In October of 1985, Hurricane Juan caused extensive flooding in Lincolnshire and Westminister subdivisions in Marrero, Louisiana. This litigation ensued. Among the parties sued in the 24th Judicial District Court was J.J. Krebs, Inc., an engineering firm that had designed a protection levee in the early 1970s and two drainage culverts in 1978.
In addition to designing the levee and the two culverts, Krebs did a survey of the area in 1985 (before the hurricane) at the request of C.I.T. Corporation, which planned to develop the tract immediately south of Lincolnshire and Westminister.
Krebs filed a motion for summary judgment, asking that it be dismissed as a defendant. The trial judge granted the motion and the plaintiffs appealed. We affirm.
In its motion for summary judgment, Krebs contended that:
(1) any claim related to the original design of the levee was barred by LSA-R.S. 9:2772,
(2) the Parish of Jefferson was responsible for maintaining the levee for the 12 years preceeding the hurricane,
(3) the West Jefferson Levee District had neglected the levee for the two-and-a-half-year period prior to Juan,
(4) the culverts designed in 1978 were in accord with standard engineering procedures, and
(5) it (Krebs) had no duty to transmit data from the 1985 survey to homeowners or to the levee district.
In opposition to the motion for summary judgment, and now on appeal, the petitioners argued that Krebs was negligent in the design of the levee and drainage culverts and that it (Krebs) had a duty to warn of deficiencies in the levee and drainage systems. Further, plaintiffs say that discovery is incomplete.
The granting of a motion for summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions *802 and affidavits show that there are no genuine issues of material fact and that the moving party is entitled to relief as a matter of law. See LSA-C.C.P. art. 966(B).
Here, the trial judge did not assign reasons for his judgment. He was, however, no doubt fully familiar with the circumstances of this complex litigation, having been involved in all facets of the case for more than five years. The original petition was filed in December, 1985.
Concerning the original design of the levee, petitioners say that Krebs used or authorized the use of organic material for construction purposes. The plans and specifications for the levee are neither in evidence nor available. Regardless, R.S. 9:2722, in pertinent part, states:
"No action, whether ex contractu, ex delicto, or otherwise, including, but not limited to, an action for failure to warn, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services ... or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
"(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
"(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner ..."
This statute is peremptive, rather than prescriptive, and not subject to interruption or suspension. See Guidry v. Sunset Recreation Club, Inc., 571 So.2d 870 (La. App. 3 Cir.1990), petition for writs denied by the Supreme Court of Louisiana at 577 So.2d 14 (La.1991).
In addition to the clear applicability of this statute, there is nothing of substance in the record indicating that Krebs deviated from plans or specifications or that organic materials originally used in the levee construction, if in fact any were used, caused or contributed to the Juan flooding. Maintenance of and repairs to the levee were the responsibility of Jefferson Parish and/or the levee district, not Krebs, for 15 years before the hurricane. During this period, considerable maintenance and repair work was done by the Parish. In 1983, when responsibility for maintaining all levees was transferred from the Parish to the levee district, the levee in question was six feet high. In 1985, when the hurricane struck, the levee was half as high in some spots, indicating, according to Krebs, little or no effort by the levee district to maintain levee elevation.
There is nothing faulty about the drainage culverts, which were designed with gates to control the flow of water. One of plaintiffs' experts (Lawson Gagnet, a meteorologist) said that the presence or absence of culverts was completely irrelevant to the flooding that occurred during Juan.
The second allegation against Krebs concerns an August, 1985 survey done at the request of (and under contract with) Joseph LeBlanc, the attorney for C.I.T. Corporation. The primary purpose of the survey was to determine what would be needed to develop the area adjacent to Lincolnshire and Westminister. While performing the survey, Krebs measured the levee dividing the C.I.T. tract from Lincolnshire and Westminister.
Krebs, according to petitioners, had a duty to provide residents of Lincolnshire and Westminister and the levee district with data gathered during the survey. Appellants cite no statutory or jurisprudential authority imposing such a duty on Krebs, who had no contractual relationship with anyone except LeBlanc and C.I.T.
Appellants cite several cases in support of their duty-to-warn allegation, Bunge Corp. v. GATX Corp., 557 So.2d 1376 (La. 1990); Tenneco Oil Co. et al. v. Chicago Bridge & Iron Co., 495 So.2d 1317 (La.App. 4 Cir.1986); and Edmond v. Tyler Building *803 & Const. Co., Inc., 438 So.2d 681 (La. App. 2 Cir.1983). The holdings in these decisions, however, do not place a responsibility on Krebs. There were no unknown or hidden defects. Any levee flaws could have been discovered by an ordinarily prudent and reasonably diligent levee district.
Krebs performed other work in the area in 1980 and 1985, at the request of a private land developer, Albert J. Ward, Jr. Nothing in the record, however, relates this work by Krebs to the damage caused by Hurricane Juan.
Appellants' final contention is that discovery is not yet complete. This case has been pending for six years. We were not told of anything further that could possibly have a meaningful bearing on Krebs' motion for summary judgment.
In summary, this record indicates no fault by Krebs in the design or maintenance of the levee, no breached duty to warn and no unfinished discovery. The granting of Krebs' motion for summary judgment was in order.
AFFIRMED.
ELORA C. FINK, Judge Pro Tem., dissenting.
I dissent, believing summary judgment was inappropriate at this time. Not only had discovery cutoff dates not been reached, but also there are contested issues of material factfor example, the purpose the levee was intended to serve, and whether Krebs' involvement with the levee was ongoing so that it fell within the peremptive period prior to the filing of the lawsuit. Thus, rendition of the judgment required the judge to make factual determinations impermissible on motion for summary judgment.
In addition, I disagree with the application of the 1990 amendment to R.S. 9:2772, which perempts causes of action for failure to warn or dangers in the construction. The plaintiffs' claim vested prior to the enactment of that amendment. Thus, I believe the appellee was not "entitled to judgment as a matter of law" and summary judgment should not have been granted.