**LAUREN PLAZA ASSOCIATES, LTD., et al.**

v.

**GORDON H. KOLB DEVELOPMENTS, INC., et al.**

Civ. A. No. 91–0703.

United States District Court, E.D. Louisiana.

May 3, 1994.

Douglas Scott Draper, Draper & Culpepper, Ralph Shelton Hubbard, III, Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, for Lauren Plaza Associates Ltd.

Douglas Scott Draper, Pamela V. Hansen, Draper & Culpepper, New Orleans, LA, for Bri–Partners 81.

Gary J. Elkins, Yvonne Chalker, Elkins & Associates, New Orleans, LA, for Gordon H. Kolb Developments, Inc.

Eugene R. Preaus, David Joseph Krebs, Maura Zivalich Pelleteri, Preaus, Roddy & Krebs, New Orleans, LA, for Fidelity & Deposit Co. of Maryland.

August Joseph Hand, Hand & Hand, Covington, LA, for Johnny F. Smith Truck & Dragline Service, Inc.

James J. Morrison, Jr., James J. Morrison, Jr., PLC, New Orleans, LA, for T. Byron Smith and Associates, Ltd., T. Byron Smith and T. Brian Smith Architects, Ltd.

Brian Paige Charboneau, David Leslie Haik, Metairie, LA, for Montz Brothers and Co., Inc. of Louisiana.

John Michael Holahan, Jr., Law Offices of Marsha J. Hopper, Metairie, LA, John Francis Olinde, Christoffer C. Friend, Wilbur Anthony Toups, III, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, James L. Donovan, Jr., Donovan & Lawler, Metairie, LA, Mary Clare Hartman, New Orleans, LA, for Mike McAdams Roofing Co., Inc.

David Leslie Haik, Metairie, LA, for Montz Brothers Inc. and Montz Brothers & Co., Inc. of Louisiana.

Russell Martin Cornelius, Cornelius, Sartin & Murphy, New Orleans, LA, Wanda Theresa Anderson–Tate, Law Offices of Charles R. Capdeville, Metairie, LA, for Billiot Brothers Inc. and Billiot Industries, Inc.

Mark Lawrence Ross, Evans & Co., New Orleans, LA, David L. Thornhill, Talley & Thornhill, Slidell, LA, Tommy Wood Thornhill, William Calvin Wells, V, Thornhill & Associates, Slidell, LA, for Leon Lowe & Sons Inc.

Thomas Edward Loehn, Boggs, Loehn & Rodrigue, Darryl J. Foster, Lemle & Kelleher, New Orleans, LA, for U.S. Fidelity and Guar. Co.

## *ORDER AND REASONS*

BERRIGAN, District Judge.

The court has decided on the memoranda Leon Lowe & Sons, Inc.'s, Fidelity and Deposit Company of Maryland's, T. Byron Smith and T. Byron Smith Architects, Ltd.'s, United States Fidelity and Guaranty Company's, and Mike McAdams Roofing Company, Inc.'s Motions for Summary Judgment. For the reasons set forth below, the motions are GRANTED.

## BACKGROUND

Lauren Plaza is a shopping center in Slidell, Louisiana owned by plaintiff Lauren Plaza Associates (LPA).[1] LPA purchased the land on which the shopping center was to be built from Gordon H. Kolb Developments, Inc. (Kolb) and contracted with Kolb to develop the site. Kolb hired T. Byron Smith and Associates (Smith Associates) to design the shopping center and Clover Contractors, Inc. (Clover) to act as general contractor. Fidelity and Deposit Company of Maryland (Fidelity) issued a performance bond for private works on behalf of Clover that named

---

1. BRI–Partners 81 is the successor in interest to LPA, but for purposes of this decision, the court will refer to the owners of the Lauren Plaza as "LPA."

Kolb as the obligee (*i.e.* the beneficiary).[2] Clover enlisted Leon Lowe & Sons, Inc. (Lowe) to provide fill services on the Lauren Plaza site and Mike McAdams Roofing Company, Inc. (McAdams) to provide roofing services. United States Fidelity and Guaranty Company (USF & G) is obligated to defend McAdams in this action.[3]

On February 15, 1991, LPA sued the developer, Kolb, and Linda and Gordon H. Kolb individually, seeking damages for alleged construction deficiencies.[4] On September 23, 1991, LPA amended its complaint to add, among others, Fidelity (the surety on Clover's construction bond), and the project architects, Smith and Associates, and T. Byron Smith (Smith), individually. On the same day, Kolb answered LPA's suit and asserted third party claims against Fidelity, Smith and Associates, and Smith. On January 17, 1992, Fidelity filed a cross claim against Smith and Associates and Smith, individually, and a third party complaint against Lowe and McAdams. On April 21, 1992, Smith responded with cross-claims and third party claims against Fidelity, Kolb, McAdams and Lowe.

The basis for the current motions for summary judgment is that the majority of the claims arising from the construction of the shopping center have been preempted by La.R.S. 9:2772. The statute provides:

A. No action ... shall be brought ... against any person performing or furnishing the design, planning, supervision, inspection, or ... the construction of an improvement to immovable property:

(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or

(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than

ten years after the improvement has been thus occupied by the owner;

.    .    .    .    .

This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person....

The dispositive issue is when the peremptive period should begin to run. The respondents allege that the period should begin when LPA filed its notice of acceptance of the construction with St. Tammany Parish on January 21, 1982. The movants allege that LPA occupied or possessed the shopping center more than six months before it filed its notice of acceptance by allowing one of its tenants, Delchamps, to install refrigeration equipment in June 1981. Thus, they allege the peremptive period should start in June, 1981, rather than January, 1982.

## ANALYSIS

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."[5] The facts in this case are not disputed—the primary issue is whether these facts, specifically Delchamps' installation of refrigeration equipment in June, 1981, constitute occupancy or possession under La.R.S. 9:2772.

The peremption statute does not define occupancy or possession. Using definitions of the terms that involve physical presence or control, the movants argue that by making the shopping center available to Delchamps for installation of its refrigeration equipment, LPA exercised possession or occupancy over the space.[6] The respondents base their argument on the legal status of the space, as opposed to Delchamps' physical presence. They argue that possession or occupancy of

---

2. During a Chapter 7 bankruptcy proceeding, Clover assigned any claims that it may have against its subcontractors arising from the construction of Lauren Plaza to Fidelity.

3. May 7, 1993 Order and Reasons, E.D.La., Sect. N, Judge Clement, aff'd. by No. 93–3585 (5th Cir., Dec. 2, 1993).

4. The basis for this court's jurisdiction is diversity of citizenship.

5. FRCP 56(c).

6. See, e.g., USF & G Reply Memorandum, Jan. 3, 1994, p. 2–4.

the shopping center did not occur until the opening date of Delchamps' lease on September 30, 1981.[7] They further argue that occupancy or possession should be tied to their recognition of the substantial completion of the construction, which did not occur until September 25, 1981, or that occupancy or possession is a rough equivalent of acceptance, which did not occur until January 1982.[8] Finally, the respondents argue that Delchamps' access to its space in June 1981 was simply a de minimis convenience to the tenant that did not constitute occupancy or possession.[9]

The legislature enacted 9:2772 in order to prevent architects and contractors from being indefinitely liable for past construction projects.[10] To achieve this goal, courts have looked to the "clear and precise" provisions of the statute.[11] For example, in *Guidry*, the plaintiff was injured when a handrail failed while he was watching a cockfight on the defendant's premises. In determining when occupancy or possession commenced, the court placed particular emphasis on the requirement that it be "in whole or *in part*" (emphasis added).[12] The court explicitly rejected the respondents' contention that the substantial completion of construction is determinative:

> Under the statute, commencement of the peremptive period does not hinge on whether the construction is fully completed or substantially completed but rather the date when occupancy begins or possession is taken.

.       .       .       .       .

To defer the tolling of peremption until occupancy after substantial completion or after the last work on the project was performed would directly contravene the provisions of the statute.[13]

Though the use of the improvement in *Guidry* tended more toward occupancy in whole than partial occupancy, the words of the statute negate the importance of the distinction.

In contrast to the respondents' focus on the terms of the lease, definitions of occupancy and possession in other parts of Louisiana law revolve around a physical presence. For instance, the Civil Code defines possession as "the detention or enjoyment of a corporeal thing ... that one holds or exercises by himself or by another who keeps or exercises it in his name."[14] The Civil Code definition of occupancy includes "the taking of possession of a corporeal movable ..."[15] Additionally, Delchamps' lease began at roughly the same time the store opened to customers. Considering the construction that Delchamps had to perform to prepare the store for opening, the lease is not a reliable indicator of when occupancy or possession began. With regard to the respondents' "de minimis convenience" argument, the *Guidry* court held that the motivation behind the use of an improvement is irrelevant to the determination of whether occupancy or possession has occurred.[16]

La.R.S. 9:2772 provides that peremption begins to run from the time of occupancy or possession "in whole or in part" if it occurs more than six months before the filing of a notice of acceptance. The court concludes that Delchamps' installation of refrigeration equipment in June 1981 constitutes partial occupancy or possession by LPA. Because LPA, did not file its notice of acceptance in the following six months, the peremptive pe-

---

7. BRI–Partners 81 (LPA) Memorandum in Opposition, Dec. 28, 1993, p. 2–3.

8. Kolb Opposition, Dec. 28, 1993, p. 2; Fidelity Opposition, Dec. 13, 1993, p. 7.

9. Kolb Opposition, p. 5; Fidelity Opposition, p. 8.

10. *Burmaster v. Gravity Drainage District No. 2,* 366 So.2d 1381, 1387 (La.1978).

11. *Guidry v. Sunset Recreation Club, Inc.,* 571 So.2d 870 (La.App. 3 Cir.1990), writ den. 577 So.2d 14 (*Guidry*).

12. Id. at 872.

13. Id. at 873.

14. La.C.C. Art. 3421.

15. La.C.C. Art. 3412.

16. *Guidry* at 873 ("'[T]he nature of the occupancy of the Sunset building ... was occupancy or possession ... within the purview of the statute, regardless of the reason prompting such use.").

riod began to run in June 1981. Accordingly, all claims arising from the construction of the shopping center had to be filed by June 1991.[17]

Fidelity did not file its third party complaint against Lowe until January 17, 1992. Smith and T. Byron Smith Architects did not file their claims against Lowe until April 22, 1992. Accordingly, the court will grant Lowe's motion for summary judgment against those parties and dismiss their claims against Lowe with prejudice.

Fidelity opposed Lowe's motion for summary judgment, but moved in the alternative for summary judgment against LPA and Kolb. LPA did not include Fidelity in its complaint until September 23, 1991. Kolb filed its third party complaint against Fidelity on the same day. Accordingly, the court will grant Fidelity's alternative motion for summary judgment against LPA and Kolb and dismiss their claims against Fidelity with prejudice.

T. Byron Smith and T. Byron Smith Architects, Ltd. have moved for summary judgment against LPA, Kolb and Fidelity. LPA and Kolb did not file their claims against Smith until September 23, 1991. Fidelity did not file its cross-claim against Smith and T. Byron Smith Architects, Ltd. until January 17, 1992. Accordingly, the court will grant Smith and Smith Architects, motion for summary judgment and dismiss LPA, Kolb and Fidelity's claims with prejudice. The court need not address Smith's alternative arguments in support of his motion.

Both McAdams and USF & G have moved for summary judgment on Fidelity's complaint against McAdams. Fidelity did not file its third party complaint against McAdams until January 17, 1992. Accordingly, the court will grant both motions for summary judgment and dismiss Fidelity's claim against. McAdams with prejudice.

For the foregoing reasons,

**IT IS ORDERED** that:

(1) Leon Lowe & Sons, Inc.'s Motion for Summary Judgment is **GRANTED** and the claims against it **DISMISSED WITH PREJUDICE;**

(2) Fidelity and Deposit Company of Maryland's Motion for Summary Judgment is **GRANTED** and the claims against it **DISMISSED WITH PREJUDICE;**

(3) T. Byron Smith and T. Byron Smith Architects, Ltd.'s Motion for Summary Judgment is **GRANTED** and the claims against them **DISMISSED WITH PREJUDICE;**

(4) United States Fidelity and Guaranty Company's Motion for Summary Judgment is **GRANTED** and the claims against its insured **DISMISSED WITH PREJUDICE;**

(5) Mike McAdams Roofing Company, Inc.'s Motion for Summary Judgment is **GRANTED** and the claims against it **DISMISSED WITH PREJUDICE;** and

(6) With regard to the motions considered in this decision, each party shall bear its own costs.