**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No.  99-30329

---

MARK N MOLL; BEVERLY MOLL,

Plaintiffs - Appellants,

VERSUS

BROWN & ROOT INC., ET AL,

Defendants,

ABB LUMMUS GLOBAL, INC., formerly known as Lummus Crescent, Inc.,
COMBUSTION ENGINEERING, INC.,

Defendants-Appellees,

VERSUS

BEAIRD INDUSTRIES, INC., formerly known as Riley-Beaird, Inc.;
FLUOR DANIEL, INC., formerly known as Fluor Engineers and
Constructors, Inc.,

Defendants-Appellants.

--------------------------------------------

---

No.  99-30526

---

MARK N MOLL; BEVERLY MOLL,

Plaintiffs - Appellants,

VERSUS

BROWN & ROOT INC., ET AL,

Defendants,

H B ZACHRY COMPANY,

Defendant-Appellee,

VERSUS

FLUOR DANIEL, INC., formerly known as Fluor Engineers
and Constructors, Inc.; BEAIRD INDUSTRIES, INC.,
formerly known as Riley-Beaird, Inc.,

Defendants-Appellants.

Appeals from the United States District Court
For the Eastern District of Louisiana
July 24, 2000

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

In this consolidated appeal of a grant of summary judgment, we
AFFIRM the district court's conclusion that Plaintiffs/Appellants'
claims against Appellees, ABB Lummus Global, Inc. and Combustion
Engineering, Inc. (collectively "Lummus") and H.B. Zachry Company
("Zachry"), are perempted under Louisiana Revised Statute Section
9:2772.[1]

## BACKGROUND

Plaintiff/Appellant, Mark N. Moll ("Moll") suffered injuries
while working on an industrial furnace ("furnace twenty-one") at

---

[1]The version of the statute in effect at the time Moll was
injured used the term "preemption". A later amendment to Section
9:2772 substituted the term "perempted" for the term "preempted"
throughout the provision.

Union Carbide's Olefins II Unit of its petrochemical plant in Taft, Louisiana. The Olefins II Unit is a seven-story structure built on a concrete foundation and permanently attached to land owned by Union Carbide which could not be removed without substantial damage to itself and the soil to which it is anchored.[2] Attached to Furnace-21 of the Olefins II Unit is an exterior muffler silencer which (1) was designed and fabricated elsewhere by Defendants-Appellees Fluor Daniel, Inc. and Beaird Industries, Inc., (2) was specified by Lummus, the engineering firm that designed and engineered the Olefins II Unit, and (3) as specified, was installed in the construction of the Olefins II Unit by Zachry, the general contractor. According to Moll, while he was attempting to release pressurized steam from the furnace, the muffler disconnected from its ventline piping causing a piece of the muffler to strike him in the face. Moll sued[3] under Louisiana law a number of parties including Fluor and Beaird as designers and fabricators of the muffler, Lummus as design engineer of the Olefins II Unit, and Zachry as general contractor for the Unit.

Lummus moved for summary judgment asserting that Louisiana's

---

[2]Louisiana Civil Code Article 466 defines things that are permanently attached to an immovable as things that "cannot be removed without substantial damage to themselves or to the immovable to which they are attached." LA. CIV. CODE art. 466 (1979). The evidence clearly indicates that the Olefins II Unit could not be removed without substantial damage to the ground to which it is attached.

[3]Moll's wife is also a named Plaintiff/Appellant.

ten year peremptive period for actions involving design and/or construction of immovables or improvements to immovables had run. See LA REV. STAT. § 9:2772 (1964). The district court denied this motion. Upon motion for reconsideration, however, the district court granted Lummus' motion. Shortly after the court's second ruling, Zachry moved for summary judgment on the same grounds. The court granted Zachry's motion. Plaintiffs/Appellants, the Molls, along with Defendants/Appellants, Beaird Industries, Inc. and Fluor Daniel, Inc., appealed both rulings asserting that the muffler at issue is not an immovable and falls outside the scope of Section 9:2772. Albeit for reasons differing from those expressed by the district court, we AFFIRM that court's ultimate conclusion that plaintiffs/appellants' actions against Lummus and Zachary are perempted under § 9:2772.[4]

**STANDARD OF REVIEW**

We review a grant of summary judgment de novo, viewing the facts and inferences in the light most favorable to the party

---

[4]The district court reached its conclusion of Section 9:2772 peremption for Lummus and Zachary by focusing on the muffler and analyzing its nature under Louisiana Civil Code art. 466, doing so before this Court's decision in Prytania Park Hotel v. General Star Indemnity Co., 179 F.3d 169 (5th Cir. 1999) and concluding that the muffler is an immovable or an improvement to an immovable for purposes of Section 9:2772. In contrast, we resolve the issues as to the parties presently before us by determining the nature of the Olefins II Unit in its entirety, not by focusing solely on the muffler as a discreet element of the Unit, analyzing the treatment of "improvement" throughout the Civil Code and the applicable jurisprudence.

opposing the motion.  See Hall v. Gillman, Inc., 81 F.3d 35, 36-37 (5th Cir. 1996).  Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**DISCUSSION**

I.   Section 9:2772

The 1964 version of Section 9:2772 reads in relevant part:

> No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of <u>an improvement to immovable property</u>:
> (1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
> (2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner....

LA REV. STAT. § 9:2772 (1964) (emphasis supplied). While the parties focus on whether or not the allegedly defective muffler was an immovable under this provision, we do not find it necessary to resolve this dispute.  Rather, we conclude that the Olefins II Unit, as designed by Lummus and constructed by Zachry, is "an

5

improvement to immovable property." Accordingly, Section 9:2772 preempts Plaintiffs'/Appellants' claims against both Appellees.

## II. "Improvements" under the Louisiana Civil Code

The Olefins II Unit stands upon land which is an "immovable." See LA. CIV. CODE art. 462 (1979) ("Tracts of land, with their component parts, are immovables."). Although the Civil Code does not specifically define "improvement," a number of Articles suggest that man-made constructions permanently attached to the ground are improvements.[5] For instance, both Civil Code Article 493 concerning "Ownership of improvements" and Article 2367.1 concerning "Improvements on separate property" begin with the phrase "Buildings, other constructions permanently attached to the ground, and plantings made on the land...." See LA. CIV. CODE art. 493 (1984), LA. CIV. CODE art. 2367.1 (1990). Similarly, Civil Code Article 497 dealing with "Constructions by bad faith possessors" provides that "[w]hen constructions, plantings, or works are made by a bad faith possessor, the owner of the immovable may keep them or he may demand their demolition." LA. CIV. CODE art. 497 (1979).

_____

[5]This case involves the classification of a man-made construction. Not all improvements to immovables are such constructions e.g. clearing forests or draining swamps. Although we find that all man-made constructions permanently attached to the ground are "improvements," not all "improvements" are man-made constructions permanently attached to the ground. Accordingly, this definition of what man-made constructions are "improvements" is neither exhaustive as to man-made constructions, nor applicable to all "improvements." Rather, we wish only to demonstrate that the Olefins II Unit is an "improvement to an immovable" under Louisiana law.

6

Article 497 reads further that when the owner of the land does not demand demolition or removal, he must pay to the bad faith possessor the current value of materials and workmanship of the "separable improvements that he has kept or the enhanced value of the immovable."  Id.

In referring to "separable" improvements, Article 497 implies the existence of "inseparable" improvements.  At first blush, this implied distinction could suggest that permanence of attachment to the ground should not be a touchstone for determining what is or is not an improvement because both separable (read: movable) and inseparable (read: immovable) items could be improvements.  The Louisiana Legislature's Revision Comments to Article 497, however, suggest a different reading:

> (c) According to Louisiana jurisprudence, separable improvements are those that do not become merged with the soil and remain distinguishable as individual works, such as houses, barns, carports and the like. Inseparable improvements are those that become permanently merged with the soil and lose their identity as separate works, such as clearing, draining, filling in, digging irrigation ditches, building levees, reservoirs, or lakes, and the like.  In effect, separable improvements are new constructions subject to accession, while inseparable improvements are useful expenditures....
>
> ....
>
> (e) This provision applies to buildings, other constructions permanently attached to the ground, standing timber, unharvested crops or ungathered fruits of trees, and things that become component parts of an immovable....

7

1979 La. Acts 180 § 1 (citation omitted).  Judging from this expression of legislative intent, we conclude that "separability" relates to an item's identity rather than its physical permanence or portability.  In other words, while a house, barn, or carport is a "separable improvement" that retains an identity separate from the ground upon which it is built, it is also a "building, or other construction permanently attached to the ground."

Although not as on point as Articles 493, 497, and 2367.1, Article 558 concerning "Improvements and alterations" made by a usufructuary suggests a difference between "improvements" and "alterations" that at least permits an inference that "improvements" are somehow more substantially attached to the ground than are mere "alterations" to property.  See LA. CIV. CODE art. 558 (1977).  Moreover, Articles 601 and 602 concerning a usufructuary's "Removal of improvements" and "Set off against damages" both refer to "improvements ... that cannot be removed" from property subject to a usufruct.  See LA. CIV. CODE art. 601 (1977), LA. CIV. CODE art. 602 (1977).  Once again, although the descriptive phrase "cannot be removed" might suggest eschewing our permanent attachment analysis, looking to the Legislature's Comment concerning Article 602 we note that this phrase reflects only the separable/inseparable dichotomy noted in Article 497.  See 1976 La. Acts 103 § 1 ("[Article 602] changes the law as it makes setoff (sic) subject to two conditions: (1) the improvements must be inseparable; and (2) the improvements must be made in accordance

8

with Article 558."). In the end, we are confident that the Louisiana Civil Code supports our holding that the Olefins II Unit, a seven story man-made construction permanently attached to the ground as part of a chemical processing plant, is an "improvement to an immovable" under Louisiana law.

**II. Judicial Interpretations of Section 9:2772 "Improvements"**

The conclusion of those courts that have examined the term "improvement" in the context of Section 9:2772 bolsters our holding that the Olefins II Unit is an "improvement to an immovable." In KSLA-TV, Inc. v. Radio Corporation of America, 693 F.2d 544 (5th Cir. 1982), we affirmed the district court's ruling that a suit against the designer and fabricator of a television broadcast tower, 1800 feet in height and resting on a concrete slab embedded fifteen feet into the ground, was a claim arising from "the construction of an improvement to [real] property." Id. at 545-46. Similarly, in Dugas v. Cacioppo, 583 So.2d 26 (La. App. 5th Cir. 1991), the Louisiana Court of Appeal for the Fifth Circuit ruled that the term "improvements to immovable property" under Section 9:2772 can apply both to a new house and to subsequent additions made to the house. Dugas, 583 So.2d at 27. Conversely, in Cosse v. Allen-Bradley Company, 601 So.2d 1349 (La. 1992), the Louisiana Supreme Court ruled that a scrap conveyor that was "suspended from the floor of a building and attached with bolts" and that would have to be disassembled and taken out in pieces to be removed was

9

not "an improvement to an immovable." See id. at 1354.

Although these three cases do not constitute a particularly large sample, they do demonstrate a recognizable pattern. In each instance in which a court has applied the term "improvement to an immovable" to a man-made construction permanently attached to the ground, i.e. the broadcast tower in KSLA-TV and the house in Dugas, it has deemed these items to be "improvements." On the other hand, when faced with a man-made construction unattached to the ground, i.e. the scrap conveyor in Cosse, the court ruled that the item was not an "improvement to an immovable." As the Olefins II Unit is anchored to the ground in a manner similar to the broadcast tower in KSLA-TV we find that it, too, is "an improvement to an immovable" under Louisiana law.

## CONCLUSION

For the reasons stated herein, we AFFIRM the district court's conclusion on summary judgment that Plaintiffs/Appellants' claims against Lummus and Zachry are perempted under Louisiana Revised Statute Section 9:2772.