MURPHY, J.
| ] Plaintiff, Celebration Church, Inc., has appealed the grant of an Exception of Peremption in favor of defendant, Jaco Roofing and Construction, Inc., and the grant of a Motion for Summary Judgment filed by defendant, Roy Carubba. For the reasons that follow, we affirm the grant of the Exception of Peremption and reverse the grant of the Motion for Summary Judgment.
FACTS AND PROCEDURAL HISTORY
This appeal stems from repairs to the roof and construction of an addition to a strip shopping center owned by plaintiff, Celebration Church, Inc., (“Celebration”). Celebration initially filed a Petition for Damages against its property insurers[1] on August 26, 2013, after the building sustained damages from Hurricane Isaac. The lawsuit was then removed to federal court. While the suit was pending in federal court, on January 27, 2014, Celebration filed a Second Supplemental and Amending Petition for Damages naming several new defendants, including Jaco Roofing and Construction, Inc. (“Jaco”), and Roy M. Carubba, (“Carubba”). The claims against Jaco alleged breach of contract and negligence for work performed on the roof from April through August 2006. The claims against Carubba alleged breach of contract and negligence for work performed during the construction of a rooftop gymnasium addition to the property. The lawsuit was remanded to the 24th Judicial District Court for further proceedings on April 2, 2014.
Jaco filed an Exception of Peremption, arguing that Celebration’s claims were barred by the five-year peremptive period *1061 set forth in La. R.S. 9:2772A(l)(b). The trial court orally granted the exception at the hearing held October 28, 2015. The written judgment granting the exception was signed on December 7,2015.
12Carubba filed a Motion for Summary Judgment arguing that there was no evidence that he individually entered into a contract to perform work on the property or that he individually performed any work on the property. Following arguments on the motion on October 28, 2015, the trial court granted the motion. Written judgment granting the motion was filed on November 9, 2015.
Celebration filed for and was granted devolutive appeals from both of these judgments.
APPEAL OF JACO’S EXCEPTION OF PEREMPTION
In its Second Supplemental and Amending Petition for Damages, filed January 27, 2014, Celebration alleged that it contracted with All Star Restoration, Inc. (“Allstar”) to perform installation of a roof on the property after the roof was damaged by Hurricane Katrina. This petition alleged that Alistar and its subcontractor, Jaco, improperly overlaid a new roof onto the existing roof, rather than replacing the old roof, and that the failure to properly repair and replace the roof resulted in further damage to the property. This petition alleged that if the property insurers named in the original petition prevailed in their defenses that the damages claimed from Hurricane Isaac were pre-existing and resulted from improper installation and defective workmanship following Hurricane Katrina, then Celebration, as a purported third-party beneficiary to the contract between Alistar and Jaco, could recover from Jaco. In response to the allegations made in the Second Supplemental and Amending Petition for Damages, Jaco filed an Exception of Peremption arguing Celebration’s claims were barred due to the five-year peremp-tive period for actions arising out of construction of improvements to immovable property provided for in La. R.S. 9:2772.
La. R.S. 9:2772 provides in pertinent part:
A. Except as otherwise provided in this Subsection, no action, whether ex con-tractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to | ¡¡recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition^ or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:
(1)
(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.
*1062 The Louisiana Legislature enacted La. R.S. 9:2772 in 1964 to protect building contractors from liability for past construction projects that could extend for an indefinite period of time. Thrasher Constr., Inc, v. Gibbs Residential, L.L.C., 15-0607 (La.App. 4 Cm. 6/29/16), 197 So.3d 283. This statute provides that if an acceptance of the construction or improvements is recorded within six months of occupancy, the peremptive period begins on the date the acceptance is recorded; if no acceptance is recorded within six months of occupancy, the peremptive period begins on the date of occupancy. Guidry v. Sunset Recreation Club, Inc., 571 So.2d 870, 872 (La. App. 3 Cir. 1990), writ denied, 577 So.2d 14 (La. 1991).
La. C.C. art. 3461 provides that peremption cannot be renounced, interrupted or suspended. The law is well settled that “nothing may interfere with the running of a peremptive period.” Naghi v. Brener, 08-2527 (La. 6/26/09), 17 So.3d 919, 925. After the end of the peremptive period, the cause of action no longer exists and any right to assert the claim is destroyed. Id.
[4The exhibits attached to Jaco’s exception and introduced into evidence at the hearing on the exception prove that Jaco’s work on the building was completed on August 10, 2006. Celebration did not record a notice of acceptance or any other document in the mortgage office regarding the work performed by Jaco. Thus, section (l)(b) is applicable and it must be determined when Celebration occupied or took possession of the “improvement” in whole or in part.
The exhibits attached to Jaco’s exception and introduced into evidence at the hearing on the exception indicate that Celebration took possession of the “improvement” and permitted tenants to occupy the building beginning in August 2006, shortly after Jaco’s completion of its work on the building. Specifically, Premier Fitness (“Premier”) occupied the building in August 2006. Another tenant, Tuesday Morning, performed modifications to its space in 2007 and moved into the building on January 1, 2008. Another tenant, Bedding Plus, moved into the space in June 2008. An additional tenant, Louisiana Department of Labor, moved into the building in December 2008. Thus, it is clear that the claims made against Jaco in the petition filed by Celebration on January 27, 2014 were per-empted by La. R.S. 9:2772A(l)(b), because the petition was filed more than five years after Celebration took possession of the improvements and permitted tenants to occupy the building.
Celebration argues that the tenants’ occupancy of the building or possession of the improvement did not occur until substantial completion of the construction of all spaces of the property. The language of La. R.S. 9:2772 is clear and specific. Guidry, supra. La. R.S. 9:2772A makes no reference to the filing of a certificate of substantial completion. Instead, the per-emptive period runs either (a) from the date of registry of the acceptance of the work by the owner; or (b) if no acceptance is recorded, within six months of the date the owner occupies or takes possession of the improvement in whole or in part. La. R.S. 9:2772(A)(1) (emphasis added). RThus, substantial completion is not relevant to when the peremptive period set forth in La. R.S. 9:2772A(1) begins to run. In this case, the peremptive period set forth in La. R.S. 9:2772A(1) with respect to the work performed by Jaco began to run when Celebration took possession of the improvement in part and allowed Premier to occupy the property in August of 2006. The fact that other work performed by entities other that Jaco continued on other portions of the property after some ten *1063 ants moved into the property did not stop the running of the peremptive period set for in La. R.S. 9:2772A(1).
Celebration further argues that the time period for filing a claim against Jaco began to run on February 13, 2009 when Celebration filed a Notice of Termination of Work by Allstar. This argument is misplaced. Jaco performed work on the property owned by Celebration pursuant to a contract between Celebration and Allstar dated November 7, 2005. The February 13, 2009 Notice of Termination refers to work performed under another contract between Celebration and Allstar dated May 25, 2007.
Given the facts in this case and based on the clear language of La. R.S. 9:2772, the claims asserted by Celebration in the January 27, 2014 petition against Jaco are perempted because no notice of acceptance was filed, and Celebration did not file its claims within five years of Celebration’s possession and occupancy of the improvements following the completion of Jaco’s roofing work. Accordingly, the trial court judgment granting Jaco’s Exception of Peremption is affirmed.
APPEAL OF CARUBBA’S MOTION FOR SUMMARY JUDGMENT
In the Second Supplemental and Amending Petition for Damages filed on January 27, 2014, Celebration alleged that it is a third-party beneficiary to any contract between Roy Carubba and any other person in connection with any roofing work performed on the subject property following Hurricane Katrina. In this petition, Celebration asserted breach of contract and negligence claims against lfiRoy Ca-rubba individually, specifically alleging that Carubba is hable in failing to properly install the roof and/or any parts thereof, defectively performing roofing work on the property, failing to advise Celebration of potential code violations in the existing roof work, and improperly overlaying preexisting multiple layers with an additional roofing layer in violation of applicable building codes. In response, Carubba filed a Motion for Summary Judgment arguing that he, individually, did not perform or contract to perform the work complained of in the petition. Carubba argued that Carubba, Inc. doing business as CEI Construction, Inc. contracted to perform work for Premier Fitness, L.L.C. (“Premier”), who leased a portion of the building from Celebration. The contract provides that CEI Construction, Inc. was to act as contractor for the Premier Fitness Gymnasium Expansion (“gym”).
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(3).[2] The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. Thereafter, if the adverse party fails to produce factual support to establish that he will be able to satisfy his burden of proof at trial, there is no genuine issue of material fact. Id.
Appellate courts review the ruling on a motion for summary judgment de novo using the same criteria governing the trial *1064 court’s determination of . whether [ 7summary judgment is appropriate. Burns v. Sedgwick Claims Mgmt. Servs., 14-421 (La.App. 5 Cir. 11/25/14), 165 So.3d 147.
In support of the motion for summary judgment, Carubba submitted the contract between Premier and CEI Construction, Inc., as well as a document from the Louisiana Secretary of State showing that Ca-rubba, Inc. was a corporation in good standing. In addition, Carubba submitted several applications for payment by CEI to Premier and the checks issued by Premier to CEI as a result of the applications for payment. The checks indicate that the checks were deposited into the bank account of Carubba, Inc. d/b/a CEI. Further, Carubba submitted the excerpts of the deposition of Celebration’s corporate representatives, who testified that they had no knowledge or evidence that Carubba individually entered into a contract with Premier or received payment from Premier for the gym addition.
In opposition to the motion for summary judgment, Celebration argued that genuine issues of fact exist regarding whether Carubba constructed the gym in his personal capacity because at the time Premier entered into the contract with CEI Construction, Inc., no such entity existed. Celebration went on to argue that the application for the building permit for the project was submitted in the name of “Roy M. Carubba.” Celebration argued that the license number on the bid form was for Roy M. Carubba not CEI. Celebration went on to argue that Carubba violated Louisiana law by serving in a dual capacity as the project engineer and the contractor on the gym. Finally, Celebration argued that the construction contract named Carubba and Dan Oliver as the contractor’s representatives on the project and that Carubba delegated responsibility for the project to Oliver who was not qualified to manage the project.
Additionally, Celebration argued that genuine issues of fact exist as to whether Roy Carubba may be personally liable under a theory of alter ego, whether he committed fraud sufficient to pierce the corporate veil, and whether he may be Isliable for breach of a duty of care owed to Celebration, Finally, Celebration argued that summary judgment was premature because there was outstanding discovery as to whether Carubba disregarded corporate formalities of CEI and Carubba Engineering sufficient to pierce the corporate veil.
In support of these arguments, Celebration submitted a copy of the contract that names CEI as the contractor, a printout from the Louisiana Secretary of State showing Roy M. Carubba as an officer of Carubba, Inc., a building application dated February 18, 2008 naming Roy M. Carub-ba as the contractor, a letter from the State of Louisiana Licensing Board for Contractors stating that Carubba holds a commercial contractor’s license issued in 1998, and that Carubba, Inc. has a commercial contractor’s license which was issued in 2014, a bid form to construct the gym submitted by CEI which contains the Carubba’s contractor license number, a letter from the architect on the project to Dan Oliver, several applications for payment submitted to Premier from CEI and signed by Dan Oliver, as well as portions of the plans and specifications for the gym.
Our review of the evidence submitted in support of and in opposition to the motion for summary judgment indicates that although the contract indicates that Premier contracted with CEI Construction, Inc. to perform work on the property owned by Celebration, the records from the Louisiana Secretary of State seem to indicate that an entity entitled CEI Construction, *1065 Inc. did not exist. Carubba argues that the entity that entered into the contract and performed the work was Carubba, Inc. d/b/a CEI Construction, Inc. The documents submitted by Celebration in support of the Motion for Summary judgment seem to indicate that Carubba, Inc. did not have a contractor’s license at the time of this contract. The documents submitted by Celebration create an issue of fact as to who entered into the contract with Premier and who is liable for the alleged work defects.
l3Once Celebration came forth with evidence to show that there was an issue of fact as to who entered into the contract, it was incumbent upon Carubba to show that there was no genuine issue of fact as to who entered into the contract. Thus, Ca-rubba failed to carry his burden of proving that that were no genuine issues of material fact and that he was entitled to judgment as a matter of law. Accordingly, the trial judge erred in granting summary judgment in favor of Carubba.
CONCLUSION
For the foregoing reasons, the judgment granting the Exception of Peremption in favor of Jaco is affirmed. The judgment granting Motion for Summary Judgment in favor of Carubba is reversed. This matter is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART

. The property insurers were Church Mutual Insurance Company and United National Insurance Company. On September 1, 2013, an amended petition was filed adding Certain Underwriters at Lloyd’s, London as a defendant.

. This is the version of La. C.C.P. art. 966 in effect at the time of the trial court’s ruling.