CRAIN, J.
*735 Henry Rayford appeals a judgment sustaining exceptions of peremption and prescription, and dismissing his third party petition against Nobles Construction, L.L.C. We reverse and remand.
FACTS
This appeal arises from Nobles' construction of three houses for Rayford, which Rayford intended to use as rental properties. Nobles completed the construction in 2008. Rayford alleges that after tenants moved into the houses, hazardous mold and mildew was discovered, which Rayford attributes to defects in construction. According to Rayford, it became obvious that the houses could not be used for their intended purposes. Thereafter, Rayford defaulted on the promissory notes that financed the construction and Whitney Bank filed the underlying suit.[1]
In 2016, Rayford asserted a third party demand against Nobles. Rayford alleged he hired Nobles as required for financing approval, and Nobles failed to obtain required building permits and inspections during construction. Rayford claimed Nobles' actions and failures were fraudulent. Rayford further alleged Nobles failed to comply with building standards, complete the job, and rectify problems, which resulted in a breach of contract. Finally, Rayford alleged Nobles performed defective work or used defective materials, resulting in mold and mildew in the houses.
In response, Nobles filed peremptory exceptions of peremption and prescription. Nobles argued Rayford's claims should be dismissed pursuant to Louisiana Revised Statute 9:2772, which provides the peremptive periods applicable to actions against contractors related to construction of improvements on immovable property. Nobles argued the unsubstantiated fraud allegations should be disregarded and therefore the fraud exception to Section 9:2772 is inapplicable. Alternatively, Nobles argued Rayford's claims are prescribed. The trial court sustained the exception and dismissed the third party demand. Rayford appeals.[2]
DISCUSSION
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. Civ. Code art. 3447. Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon expiration of the peremptive period. La. Civ. Code art. 3458. Peremption has been likened to prescription in that peremption is prescription that is not subject to renunciation, interruption, or suspension. See La. Civ. Code art. 3461 ; Quatrevingt v. State through Landry, 17-0884 (La. App. 1 Cir. 2/8/18), 242 So.3d 625, 631-32 (2018 WL 793496, p. 3).
*736 Peremption and prescription are properly raised by the peremptory exception, and the rules governing the burden of proof as to prescription also apply to peremption. See La. Code Civ. Pro. art. 927 ; Quatrevingt, 242 So.3d at ----. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if the plaintiff's claim is perempted or prescribed on its face, the burden shifts to the plaintiff to show the action is not perempted or prescribed. Prevo v. State ex rel. Dept, of Public Safety and Corrections Div. of Probation and Parole, 15-0823 (La. 11/20/15), 187 So.3d 395, 398.
Evidence may be introduced to support or controvert the exceptions of peremption and prescription. See La. Code Civ. Pro. art. 931. Here, although the parties attached documents as exhibits to their pleadings and memoranda, no evidence was introduced at the hearing on the exception. Unless properly offered and introduced into evidence, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Atain Speciality Ins. Co. v. Premier Performance Marine, LLC, 15-1128 (La. App. 1 Cir. 4/8/16), 193 So.3d 187, 190. In the absence of evidence, exceptions of peremption and prescription must be decided on the facts alleged in the petition with all allegations accepted as true. See Lomont v. Bennett, 14-2483 (La. 6/30/15), 172 So.3d 620, 627. Further, where no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. Atain, 193 So.3d at 190.
Section 9:2772A pertinently sets forth a five-year peremptive period applicable to suits against contractors for defective construction:
A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1 :
(l)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.
The peremptive period applies whether the demand is asserted as a direct action or as a third party demand, and whether brought by the owner or other person. La. R.S. 9:2772B(3).
The legislature enacted Section 9:2772 to protect building contractors from liability for past construction projects that could extend for an indefinite period of *737 time. Lemoine Co., LLC v. Durr Heavy Constr., LLC, 15-1997 (La. App. 1 Cir. 10/31/16), 206 So.3d 244, 249, writ denied, 16-2100 (La. 1/13/17), 215 So.3d 247. If an acceptance of the construction is recorded within six months of occupancy, the peremptive period begins on the date the acceptance is recorded; if no acceptance is recorded within six months of occupancy, the peremptive period begins on the date of occupancy. Celebration Church, Inc. v. Church Mut. Ins. Co., 16-245 (La. App. 5 Cir. 12/14/16), 216 So.3d 1059, 1062.
Rayford's third party petition does not indicate whether an acceptance of construction was recorded that would trigger the peremptive period. Nor does Rayford's petition indicate the date of occupancy. While it can be determined from the petition Nobles completed construction of the homes in 2008, this is not determinative of the commencement of the peremptive period. See Celebration Church, Inc., 216 So.3d at 1062 ; Guidry v. Sunset Recreation Club, Inc., 571 So.2d 870, 872 (La. App. 3 Cir. 1990), writ denied, 577 So.2d 14 (La. 1991). Rayford's third party petition alleges tenants moved into the houses, which would constitute occupancy; however, the petition does not allege when that occurred. See Celebration Church, Inc., 216 So.3d at 1062 ; see also Lauren Plaza Assoc.,Ltd. v. Gordon H. Kolb Dev., Inc., 853 F.Supp. 941, 943-44 (E.D. La. 1994). Without any allegation of the date acceptance was recorded or the date of occupancy, Rayford's claims are not perempted on the face of the third party demand.
Since Rayford's claims are not perempted on the face of the third party petition, Nobles had the burden of proving the facts to support its peremption exception. See Atain, 193 So.3d at 191. As previously stated, neither party offered evidence in support of or controverting the exception. Without evidence to establish the pertinent dates, Nobles failed to carry its burden of proof. See Atain, 193 So.3d at 190. The trial court legally erred in sustaining the exception of peremption and dismissing Rayford's third party petition on that basis.[3] Considering this, we pretermit consideration of whether Rayford's allegations of fraud exempt his claims from the peremptive period established by Section 9:2772.
Nobles' peremptory exception additionally urged an exception of prescription based on Louisiana Civil Code articles 3492 and 3493. Article 3492 provides delictual actions are subject to a liberative prescription of one year commencing from the date the injury or damage is sustained. Article 3493 provides that for damage caused to immovable property, the one-year prescriptive period commences on the day the owner of the immovable acquired, or should have acquired, knowledge of the damage. Tracts of land with their component parts, including buildings belonging to the landowner, are immovables. See La. Civ. Code arts. 462, 463.
Rayford's third party petition does not allege the date injury or damage was sustained or the date he knew or should have acquired knowledge of the damage; therefore, it is not prescribed on its face. Compare *738 Rebstock v. Seismic Exchange, Inc., 13-0540, 2013 WL 5915140, pp. 4-5 (La. App. 1 Cir. 11/1/13). Further, Nobles failed to offer into evidence the demand letter Nobles contends Rayford sent more than one year before the third party demand was filed and establishes the third party demand is prescribed. On the record before us, Nobles failed to carry its burden of proving Rayford's claims are prescribed.
CONCLUSION
The trial court's judgment sustaining the peremptory exceptions of peremption and prescription and dismissing Rayford's third party petition is reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed to Nobles Construction, L.L.C.
REVERSED AND REMANDED.

Whitney Bank's claims against Rayford were resolved by a summary judgment, which is not at issue in this appeal.

The judgment on appeal sustains Nobles' exception and dismisses Rayford's third party claims. In his brief, Rayford incorrectly refers to the judgment on appeal as a summary judgment and frames his assignments of error and arguments accordingly. We will consider the substance of Rayford's arguments to determine whether Rayford is entitled to the relief he requests, i.e., reversal of the judgment appealed. See La. Code Civ. Pro. arts. 2129 (providing that an assignment of error is not necessary in any appeal) and 2164 (providing that an appellate court "shall render any judgment which is just, legal, and proper upon the record on appeal"); Uniform Rules of Louisiana Courts of Appeal, Rule 1-3 (providing "Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications of error, unless the interest of justice clearly requires otherwise.").

Section 9:2772A(l)(c) provides that if a claim is brought within ninety days of the expiration of the five-year peremptive period, the person against whom the demand is made shall have ninety days from service of the demand to file a claim for contribution, indemnity, or a third party claim against another party. On appeal, Nobles contends Rayford's third party claim is untimely because it was filed more than two years after Whitney Bank filed its petition. We find no merit in this argument since this provision is also dependent on the dates the peremptive period began and expired, which Nobles failed to prove.