# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2021 CA 0406

### WHITNEY BANK

### VERSUS

### HENRY RAYFORD

**Judgment Rendered:**    DEC 0 9 2021

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Docket No.  108044

Honorable Peter J. Garcia, Judge[1]

* * * * * *

Henry Rayford
Bogalusa, Louisiana

Counsel for Defendant/Appellant
In Proper Person

David Jefferson Dye
New Orleans, Louisiana

Counsel for Plaintiff/Appellee
Nobles Construction, L.L.C.

* * * * * *

**BEFORE:  McCLENDON, WELCH AND THERIOT, JJ.**

---

[1] Respectfully, we note that the Honorable Peter J. Garcia passed away on March 10, 2020.

**McCLENDON, J.**

Henry Rayford appeals a judgment that sustained the objections of peremption and prescription raised by Nobles Construction, L.L.C. (the L.L.C.), and dismissed Mr. Rayford's third-party demand against the L.L.C. Mr. Rayford further appeals the trial court's denial of his motion for new trial. Contending that Mr. Rayford's appeal is frivolous, the L.L.C. has answered the appeal and seeks damages and attorney's fees. For the reasons that follow, we vacate the judgment sustaining the objections of peremption and prescription, deny the answer to appeal, and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY[2]

This appeal arises from the L.L.C.'s construction of three houses for Mr. Rayford, which Mr. Rayford intended to use as rental properties. The L.L.C. completed construction in 2008. Mr. Rayford alleges that hazardous mold and mildew, caused by construction defects, was discovered after tenants moved into the properties. According to Mr. Rayford, it became obvious that the houses could not be used for their intended purposes. Thereafter, Mr. Rayford defaulted on the promissory notes that financed the construction. Whitney Bank filed the underlying suit.[3]

In 2016, Mr. Rayford asserted a third party demand against the L.L.C. alleging the L.L.C. failed to obtain required building permits and inspections during construction. Mr. Rayford claimed the L.L.C.'s actions and failures were fraudulent. Mr. Rayford further alleged the L.L.C. failed to comply with building standards, complete the job, and rectify problems, which resulted in a breach of contract. Finally, Mr. Rayford alleged the L.L.C. performed defective work or used defective materials, resulting in mold and mildew in the houses.

In response, the L.L.C. filed peremptory exceptions raising the objections of peremption and prescription. The L.L.C. argued that Mr. Rayford's claims should be dismissed pursuant to Louisiana Revised Statute 9:2772, which provides a five-year

---

[2] We borrow these facts in part from our prior related opinion in **Whitney Bank v. Rayford**, 2017-1244 (La.App. 1 Cir. 3/29/18), 247 So.3d 733, which we refer to throughout as **Whitney Bank I**.

[3] Whitney Bank's claims against Mr. Rayford were resolved by a summary judgment and are not at issue in this appeal. **Whitney Bank I**, 247 So.3d at 735, n.1.

peremptive period applicable to actions against contractors related to construction of improvements on immovable property. Because Section 9:2772 also provides for an exception to the peremptive period in cases in which there is a finding of fraud, the L.L.C. additionally maintained that Mr. Rayford's allegations of fraud were unsubstantiated, and that the fraud exception to Section 9:2772 should be found inapplicable. Alternatively, the L.L.C. argued that Mr. Rayford's claims were prescribed. The trial court sustained the exceptions of peremption and prescription and dismissed the third party demand. Mr. Rayford appealed.

On appeal, this Court found that Mr. Rayford's third party petition was not preempted or prescribed on its face because it did not contain allegations indicating when the peremptive or prescriptive periods commenced. Accordingly, the L.L.C. bore the burden of proof on the exceptions. This Court held that the L.L.C. failed to carry its burden as it did not introduce any evidence at the hearing to establish the dates on which the peremptive or prescriptive periods commenced. Therefore, we reversed the trial court's judgment in **Whitney Bank I**, 247 So.3d 733, and remanded the matter for further proceedings. The issue of whether Mr. Rayford's allegations of fraud would exempt his claims from the peremptive period set forth in Section 9:2772 was pretermitted.

Contentious litigation continued following the **Whitney Bank I** remand, which we need not fully repeat here.[4] Giving rise to this appeal, on November 5, 2018, the L.L.C. again sought the dismissal of Mr. Rayford's third party demand on the basis of peremption and prescription (the L.L.C.'s exceptions), which Mr. Rayford opposed.

During the December 13, 2018 hearing on the L.L.C.'s exceptions, the L.L.C. offered, filed, and introduced numerous exhibits supporting its objections. Mr. Rayford did not offer evidence to controvert the L.L.C.'s objections. Rather, Mr. Rayford argued

---

[4] We note that after the **Whitney Bank I** remand, Mr. Rayford filed a "Motion and Order for Rule to Show Cause Requesting Leave of Court to Amend and Supplement [the] Third Party Demand" (motion for leave) whereby Mr. Rayford sought to add third-party demands against the L.L.C.'s "managers," George Brent Nobles and George Stanley Nobles (the Nobles). The Nobles filed a joint "Motion to Dismiss [Mr. Rayford's] Third Party Demands for Peremptory Exceptions" and a joint memorandum in opposition to Mr. Rayford's motion for leave. After a hearing, the trial court granted the motion to dismiss Mr. Rayford's third-party demands against the Nobles in open court. Mr. Rayford then sought reconsideration of the trial court's ruling, which the trial court denied. Mr. Rayford's appeal of these rulings is presently before this Court under docket number 2021 CA 0407.

3

that his third-party demand was brought under LSA-C.C. art. 3500, which establishes a liberative prescription of ten years for an action against a contractor on account of defects of construction of buildings. Mr. Rayford also argued that Section 9:2772 mandates a separate hearing regarding the allegations of fraud, prior to the trial of any or all other issues, and "we are here dealing with an other issue." The L.L.C. countered by arguing that the Section 9:2772 requirement of a separate hearing on the issue of fraud "is not an open ended carte blanche opportunity for parties to file fraud allegations in order to circumvent the peremptive period of five years, so the prescriptive period under Article 3492 of one year for fraud... still stands." Following the parties' arguments, the trial court granted the exceptions of peremption and prescription and dismissed Mr. Rayford's claims in open court. The trial court noted Mr. Rayford's objection to the ruling before stating, in pertinent part, "if there is a necessity for any issues regarding fraud or attorney's fees, it will be handled at a future date."

On January 10, 2019, the trial court executed a written judgment in conformity with its December 13, 2018 oral rulings, dismissing Mr. Rayford's third-party demand against the L.L.C. with prejudice. Mr. Rayford filed a "motion for reconsideration of judgment new trial" (motion for new trial)[5] on January 22, 2019, which the trial court denied on January 24, 2019. Mr. Rayford has appealed. The L.L.C. has answered the appeal, seeking damages for frivolous appeal and attorney's fees.

## APPELLATE JURISDICTION

Appellate courts have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. **Kelley v. Est. of Kelley**, 2019-1044 (La.App. 1 Cir. 2/21/20), 299 So.3d 720, 722. Our appellate jurisdiction only extends to "final judgments."

---

[5] The Louisiana Code of Civil Procedure does not provide for a motion to reconsider with respect to any judgment, and such a motion is generally treated as a motion for new trial. **Harris v. Louisiana Department of Public Safety & Corrections**, 2019-1657 (La.App. 1 Cir. 8/3/20), 310 So.3d 211, 214.

In this matter, Mr. Rayford filed a motion for appeal[6] on February 22, 2019, seeking review of "The order of the original judgment [that] was rendered on December 13, 2018 and the Reconsideration of Judgement/ New Trial [that] was rendered on January 24, 2019." A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See LSA-C.C.P. art. 2083(C). However, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. **Succession of Simms**, 2019-0936 (La.App. 1 Cir. 2/21/20), 297 So.3d 110, 114. Here, although Mr. Rayford's motion for appeal referred by date to the judgment denying a motion for new trial, the motion for appeal also identified the trial court's December 13, 2018 oral ruling on the merits of the L.L.C.'s exceptions. Considered together, the reference to both dates indicates that Mr. Rayford actually intended to appeal from the final January 10, 2019 written judgment on the merits.

Moreover, on April 4, 2019, the trial court deputy clerk mailed notice to the parties that an appeal of the January 24, 2019 judgment denying the motion for new trial was granted pursuant to a March 1, 2019 order of appeal. On April 16, 2021, this Court mailed a notice of lodging of the appeal of the January 10, 2021 judgment granting the L.L.C.'s exceptions on the merits and the January 24, 2021 judgment denying Mr. Rayford's motion for new trial, assigned docket number 2021 CA 0406.[7]

---

[6] Mr. Rayford's pleading seeking the instant appeal was erroneously captioned as a notice of appeal. However, the nature of a pleading must be determined by its substance, not its caption. See **Belser v. St. Paul Fire and Marine,** 542 So.2d 163, 165-66 (La.App. 1 Cir. 1989). The distinguishing feature of a petition or motion for appeal is that it prays for, or seeks, a judgment or an order from a judge for specified relief. In contrast, a notice of an appeal does not seek a judgment or order from a judge for specified relief. **Belser,** 542 So.2d at 166. In this matter, the pleading specifically requests that the trial court grant Mr. Rayford relief in the form of an appeal, and therefore, it substantively constitutes a motion for appeal. Further, there is no dispute that the pleading is substantively a motion for appeal, and treating the miscaptioned pleading as a motion for appeal will not prejudice the L.L.C. See **Bihm v. Deca Systems, Inc.,** 2016-0356 (La.App. 1 Cir. 8/8/17), 226 So.3d 466, 474, n.3; see also **Denoux v. Grodner,** 2018-0910 (La.App. 1 Cir. 12/21/18), 2018 WL 6717010, p.2, n.1. (unpublished opinion). Accordingly, we treat Mr. Rayford's miscaptioned notice of appeal as a motion for appeal.

[7] Relevant documents in the instant appeal are included in the record of the 2021 CA 0407 appeal referenced in footnote 4. Under Uniform Rules of Louisiana Courts of Appeal, Rule 2-1.14, any record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ. Thus, we have reviewed those appropriate portions of the 2021 CA 0407 appellate record that are necessary to adequately review the issues raised in this appeal. Accord **Browne v. State ex rel. Dep't of Transp. & Dev.,** 2015-0668 (La.App. 1 Cir. 2/4/16), 2016 WL 483228, *1, n.2;

Thus, we interpret the instant appeal as from the January 10, 2019 written judgment on the merits of the L.L.C's exceptions of peremption and prescription. See **In re Abrams**, 2020-0077 (La.App. 1 Cir. 3/29/21), 2021 WL 1170048, *2, n.8, <u>writ denied</u>, 2020-00591 (La. 6/22/21), 318 So.3d 711 (construing *pro se* appellant's filings liberally, and interpreting appeal as from the written judgment, despite appellant's reference to trial court's ruling in open court); **Lewis v. La. State Judicial Review Bd.**, 2018-0204 (La.App. 1 Cir. 11/2/18), 264 So.3d 1208, 1211-12 (maintaining appeal where *pro se* appellant's motion for appeal referenced the district court's reasons for judgment rather than the judgment itself).

## LOUISIANA REVISED STATUTES 9:2772

The legislature enacted Section 9:2772 to protect building contractors from liability for past construction projects that could extend for an indefinite period of time. **Lemoine Co., LLC v. Durr Heavy Constr., LLC**, 2015-1997 (La.App. 1 Cir. 10/31/16), 206 So.3d 244, 249, <u>writ denied</u>, 2016-2100 (La. 1/13/17), 215 So.3d 247. Section 9:2772(A) sets forth a five-year peremptive period applicable to suits against contractors for defective construction.[8] If an acceptance of the construction is recorded

---

**Slaughter v. Bd. of Sup'rs of So. Univ. and Agri. and Mech. Coll.**, 2010-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 469, n.5.

Further, we note that the contents of Mr. Rayford's appellate briefs in this appeal, 2021 CA 0406, and in his appeal assigned docket number 2021 CA 0407, reflect that Mr. Rayford inadvertently captioned the docket number on his appellate brief in 2021 CA 0406 as 2021 CA 0407, and vice versa. Additionally, Mr. Rayford's briefs do not contain assignments of error. Nevertheless, given that Mr. Rayford is proceeding *pro se* on appeal, we will consider the substance of Mr. Rayford's arguments to determine whether Mr. Rayford is entitled to the relief he requests, *i.e.*, reversal of the judgment appealed. See LSA-C.C.P. arts. 2129 (providing that an assignment of error is not necessary in any appeal) and 2164 (providing that an appellate court "shall render any judgment which is just, legal, and proper upon the record on appeal"); Uniform Rules of Louisiana Courts of Appeal, Rule 1–3 (providing "Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications of error, unless the interest of justice clearly requires otherwise.").

[8] Section 9:2772(A) provides, in pertinent part:

> Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:
>
> (1)    (a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

6

within six months of occupancy, the peremptive period begins on the date the acceptance is recorded; if no acceptance is recorded within six months of occupancy, the peremptive period begins on the date of occupancy. **Whitney Bank I**, 247 So.3d at 737. The peremptive period applies whether the demand is asserted as a direct action or as a third party demand, and whether brought by the owner or other person. LSA-R.S. 9:2772(B)(3). If a cause of action is not perempted by Section 9:2772, it will be subject to ordinary principles of prescription. **Bunge Corp. v. GATX Corp.**, 557 So.2d 1376, 1385 (La. 1990).

An exception to the five-year peremption period exists pursuant to Section 9:2772(H), which provides that the five-year peremption period does not apply if "fraud has caused the breach of contract or damages sued upon." LSA-R.S. 9:2772(H)(1). Paragraph H further provides that "in any action in which fraud is alleged," the issue of fraud "shall be decided by trial separate from and prior to the trial of any or all other issues." LSA-R.S. 9:2772(H)(2). Section 9:2772(H) provides, in full:

(1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.

(2) In any action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues. However, if fraud is alleged in nonresidential contracts in an action commenced after the expiration of the five-year period provided by this Section, and the court determines that the allegation was brought in bad faith and no fraud is found, then the party who made the allegation shall be liable for court costs and attorney fees. If fraud is proven, then the party that has committed the fraud shall be liable for court costs and attorney fees.

(3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.

**DISCUSSION**

During the December 13, 2018 hearing, and again on appeal, Mr. Rayford has argued that it was error for the trial court to rule on the L.L.C.'s exceptions without first conducting a separate hearing on the issue of fraud. Having thoroughly reviewed the

---

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

transcript of the December 13, 2018 hearing, in light of the plain language of the governing statute, we are constrained to agree.

Paragraph H explicitly states that in all cases in which fraud is alleged, "that issue shall be decided by trial separate from and prior to the trial of any or all other issues." At the December 13, 2018 hearing, the trial court acknowledged that Section 9:2772 required a separate hearing on the issue of fraud; nevertheless, the trial court also stated its intent to delay such a hearing on the issue of fraud until after the trial of the L.L.C.'s exceptions. Specifically, early in the L.L.C.'s arguments, the trial court stated the following:

> I believe the statute also requires that I have a separate hearing for determination of fraud; is that correct?

Shortly thereafter, the L.L.C. referenced its intent to file a separate motion seeking attorney's fees and costs under Paragraph H(2). The following exchange then occurred between the trial court and Mr. Broome, counsel for Mr. Rayford:

| The court: | So Mr. Broome, I'm not ruling -- he's asking me to grant attorney's fees and costs if I grant his exception of peremption under 2772, okay? |
|---|---|
| Mr. Broome: | Okay. |
| The court: | Which I haven't gotten to yet, but in my opinion, both the fraud allegation requires another hearing, and the attorney's fees would require another hearing, so I'm not going to be able to rule on either one of those issues today regardless of how I rule on the exception of peremption. |
| | So I'm not going to ask you for any opposition to it at this time, because I'm not going to rule on it yet. I'm going to have to have a hearing. |
| Mr. Broome: | Can I make a statement then? ... The rule says in any action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any and all other issues, and we are here dealing with an other issue. That's my statement. |
| The Court: | Okay. |

In response, the L.L.C. argued:

> Judge, the statute was not intended to overrule the effect of the peremptory exception for either peremption or prescription, and the statute is not an open ended carte blanche opportunity for parties to file fraud allegations in order to circumvent the peremptive period of five years, so the prescriptive period under Article 3492 of one year for fraud... still stands.

8

Following a brief discussion, counsel for Mr. Rayford maintained:

The statute says that the peremptive period provided by this section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section whose fraud has caused a breach of contract or damages sued upon.

Thereafter, the trial court issued an oral ruling finding that Section 9:2772 was the applicable statute, that the five-year peremptive period had elapsed, and that the L.L.C.'s exception was therefore sustained. Counsel for Mr. Rayford objected and "assign[ed] error." The trial court responded, "Objection is noted for the record. And if there is a necessity for any issues regarding fraud or attorney's fees, it will be handled at a future date."

We begin our discussion mindful of the rule that peremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, we are required to adopt the one that maintains enforcement of the claim or action, rather than the one that bars enforcement. **Rando v. Anco Insulations Inc.**, 2008-1163 (La. 5/22/09), 16 So.3d 1065, 1083. We are further required to interpret the plain language of the statute according to the principles of statutory interpretation. One such fundamental principle of statutory interpretation is that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the legislative intent. **McLane S., Inc. v. Bridges**, 2011-1141 (La. 1/24/12), 84 So.3d 479, 483; LSA-R.S. 1:4. A second cardinal rule of statutory interpretation is that the word "shall" is mandatory. LSA-R.S. 1:3; see **Pierce Foundations, Inc. v. Jaroy Const., Inc.**, 2015-0785 (La. 5/3/16), 190 So.3d 298, 304. A third cardinal rule of statutory interpretation is that it will not be presumed that the legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant, or useless. **McLane S., Inc.**, 84 So.3d at 484.

The provisions of Section 9:2772(H) are clear and unambiguous: Mr. Rayford's allegations of fraud shall be tried, separate from and prior to the trial of any and all other matters. Accordingly, the trial court legally erred in granting the L.L.C.'s

9

exceptions, while deferring the issue of fraud. Consequently, we must vacate the January 10, 2018 judgment, and remand the matter to the trial court for proceedings consistent with this opinion. See **Schilling v. Bernhard Brothers Mechanical Contractors, LLC**, 2012-2105 (La.App. 1 Cir. 9/13/13), 186 So.3d 658; see also LSA-C.C.P. art. 2164 and **Cryer v. Cryer**, 1996-2741 (La.App. 1 Cir. 12/29/97), 706 So.2d 167, 172 (this Court may remand a case when the interests of justice are served).

Having found merit in Mr. Rayford's appeal, we deny the L.L.C.'s answer to the appeal seeking damages for frivolous appeal and attorney's fees.

## CONCLUSION

For the reasons set forth above, we vacate the January 10, 2019 judgment of the trial court that sustained the exceptions raising the objections of peremption and prescription filed by Nobles Construction, L.L.C., and remand this matter for proceedings consistent with our opinion herein. The answer to the appeal is denied. Costs of this appeal are assessed to Nobles Construction, L.L.C.

**JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS; ANSWER TO APPEAL DENIED.**