NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0020

WHITNEY BANK

VERSUS

HENRY RAYFORD

Judgment Rendered: OCT 3 1 2023

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Docket No. 108044
Honorable August J. Hand, Judge Presiding

* * * * * *

Clay Justin LeGros
Metairie, Louisiana

Counsel for Plaintiff/Appellee
Whitney Bank


Lillian M. Ratliff
Bogalusa, Louisiana

Counsel for Defendant/Third-Party Plaintiff/
Appellant
Henry Rayford


David Jefferson Dye
New Orleans, Louisiana

Counsel Third-Party Defendant/Appellee
Nobles Construction, L.L.C.

* * * * * *

BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.

**McCLENDON, J.**

The plaintiff appeals a trial court's judgment on his fraud claim raised in a third-party demand against a third-party defendant construction company. After a bench trial, the trial court found that the plaintiff failed to carry his burden of proof with regard to the fraud allegations. Thereafter, the trial court sustained the third-party defendant's peremptory exceptions raising the objections of peremption and prescription and dismissed with prejudice the third-party plaintiff's claims against the third-party defendant. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter is before us for the third time and arises from the construction of three houses for Henry Rayford by Nobles Construction, L.L.C. (Nobles).[1] Mr. Rayford intended to use the houses as rental properties. Nobles completed construction in early 2008. Mr. Rayford alleges that because of construction defects, the houses could not be used for their intended purposes. Mr. Rayford defaulted on the promissory notes and Whitney Bank filed the underlying suit.[2]

In 2016, Mr. Rayford asserted a third-party demand against Nobles. See **Whitney Bank v. Rayford**, 2017-1244 (La.App. 1 Cir. 3/29/18), 247 So.3d 733, 735 (**Whitney Bank I**); **Whitney Bank v. Rayford**, 2021-0406 (La.App. 1 Cir. 12/9/21), 332 So.3d 1243, 1245 (**Whitney Bank II**). Therein, he alleged that Nobles failed to obtain required building permits and inspections during construction and that Nobles' actions or failures to act constituted fraud. Mr. Rayford further alleged that Nobles failed to comply with building standards, failed to complete the job, and failed to rectify problems, resulting in a breach of contract. Finally, Mr. Rayford alleged that Nobles performed defective work or used defective materials, resulting in mold and mildew in the houses, rendering the houses uninhabitable, and causing him irreparable financial, professional, and personal

---

[1] For a more complete recitation of the facts and procedural history, see **Whitney Bank v. Rayford**, 2017-1244 (La.App. 1 Cir. 3/29/18), 247 So.3d 733 (**Whitney Bank I**) and **Whitney Bank v. Rayford**, 2021-0406 (La.App. 1 Cir. 12/9/21), 332 So.3d 1243 (**Whitney Bank II**).

[2] Whitney Bank's claims against Mr. Rayford were resolved by summary judgment and are not at issue in this latest appeal.

harm. See **Whitney Bank I**, 247 So.3d at 735; **Whitney Bank II**, 332 So.3d at 1245-46.

In response, Nobles filed peremptory exceptions raising the objections of peremption and prescription. Nobles argued that Mr. Rayford's claims should be dismissed pursuant to LSA-R.S. 9:2772, which provides a five-year peremptive period applicable to actions against contractors related to construction of improvements on immovable property.[3] Nobles asserted that Mr. Rayford's allegations of fraud, which would have provided for an exception to the peremptive period, were unsubstantiated and should be found inapplicable.[4] Alternatively, Nobles argued that Mr. Rayford's claims were prescribed pursuant to the one-year prescriptive period set forth in LSA-C.C. arts. 3492 and 3493.[5] After a hearing, the trial court sustained the exceptions, dismissed the third-party demand, and Mr. Rayford appealed. **Whitney Bank I**, 247 So.3d at 735; **Whitney Bank II**, 332 So.3d at 1246.

On appeal, this court reversed the trial court's judgment sustaining the exceptions and remanded the matter for further proceedings, finding that Nobles failed to carry its burden as it failed to introduce any evidence at the hearing to establish the dates on

---

[3] Louisiana Revised Statutes 9:2772(A)(1)(b) provides:

A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

[4] Louisiana Revised Statutes 9:2772(H)(1) provides, in pertinent part, that "[t]he peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon."

[5] Louisiana Civil Code art. 3492 provides, in relevant part, that "[d]elictual actions are subject to a liberative prescription of one year." Additionally, LSA-C.C. art. 3493 provides that "[w]hen damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage."

which the peremptive or prescriptive periods commenced. The issue of whether Mr. Rayford's allegations of fraud would exempt his claims from the peremptive period set forth in LSA-R.S. 9:2772 was pretermitted. **Whitney Bank I**, 247 So.3d at 737-38.

Further litigation ensued following remand, including Nobles again seeking dismissal of Mr. Rayford's third-party demand by filing exceptions raising the objections of peremption and prescription. At the hearing on these exceptions, Nobles introduced into evidence numerous exhibits. Mr. Rayford did not offer any evidence, but opposed the exceptions by arguing, in part, that LSA-R.S. 9:2772(H)(2) requires a separate hearing regarding the allegations of fraud before the trial "of any or all other issues."[6] Following the parties' arguments, the trial court again granted the exceptions and dismissed Mr. Rayford's claims. Noting Mr. Rayford's objection to the ruling, the trial court stated that, if necessary, any issues regarding fraud or attorney fees would be handled at a future date. The trial court signed a judgment on January 10, 2019, in conformity with its ruling and dismissed Mr. Rayford's third-party demand against Nobles with prejudice. Mr. Rayford again appealed. **Whitney Bank II**, 332 So.3d at 1246-47.

On December 9, 2021, this court held that the provisions of LSA-R.S. 9:2772(H) are clear and unambiguous and required that "Mr. Rayford's allegations of fraud shall be tried, separate from and prior to the trial of any and all other matters." **Whitney Bank II**, 332 So.3d at 1251. Thus, this court determined that the trial court legally erred in sustaining Nobles' exceptions while deferring the issue of fraud. Accordingly, this court vacated the January 10, 2019 judgment and remanded the matter to the trial court. **Id.**

On April 8, 2022, the trial court held a trial on Mr. Rayford's allegations of fraud in his third-party demand against Nobles. The parties stipulated to the introduction of all exhibits into evidence, and both parties presented witness testimony. Thereafter, the trial court took the matter under advisement, and the parties submitted post-trial briefs. On May 24, 2022, the trial court issued Reasons for Judgment, finding that Mr. Rayford failed to carry his burden of proving fraud in the construction project as alleged by Mr. Rayford in his third-party demand against Nobles. Thereafter, the trial court determined

---

[6] Louisiana Revised Statutes 9:2772(H)(2) provides, in pertinent part, that "[i]n any action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues."

that the third-party demand of Mr. Rayford against Nobles regarding the construction of the rental houses, filed eight years after Mr. Rayford took possession of the three rental houses and rented them out, was preempted pursuant to the five-year peremptive period set forth in LSA-R.S. 9:2772(A).[7] As a result, the trial court sustained Nobles' peremptory exceptions raising the objections of peremption and prescription. The trial court signed a judgment in conformity with its ruling on May 24, 2022, and dismissed with prejudice Mr. Rayford's third-party claims against Nobles. On February 2, 2023, the trial court amended the May 24, 2022 judgment to clarify that the judgment is a final and appealable judgment. Mr. Rayford now appeals, raising several assignments of error.

## DISCUSSION

On appeal, Mr. Rayford argues that Nobles failed to obtain any permit for the construction project, failed to complete the necessary inspections in accordance with permit scheduling, failed to maintain insurance, and failed to finish the work in a workmanlike manner. He asserts that Nobles' actions constituted fraud, committed by using various forms of misrepresentation and suppressing the truth in order to gain an unjust advantage over him. Therefore, according to Mr. Rayford, the fraud exception in LSA-R.S. 9:2772 applies.

Louisiana Revised Statutes 9:2772(H)(1) provides that the five-year peremptive period set forth in LSA-R.S. 9:2772(A) "shall not apply to an action to recover on a contract or to recover damages against any person ... whose fraud has caused the breach of contract or damages sued upon." Fraud, as used in LSA-R.S. 9:2772 "shall have the same meaning as provided in Civil Code Article 1953." LSA-R.S. 9:2772(H)(3). Fraud as defined in LSA-C.C. art. 1953 is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence. LSA-C.C. art. 1957.

While fraud may result from silence or inaction, mere silence or inaction without fraudulent intent does not constitute fraud. LSA-C.C. art. 1953; **Schilling v. Bernhard**

---

[7] We note that Mr. Rayford has not assigned as error the trial court's decision to rule on the exceptions raising the objections of peremption and prescription at the same hearing and immediately following having ruled on the issue of fraud. Accordingly, we do not consider same.

5

**Brothers Mechanical Contractors LLC,** 2012-2105 (La.App. 1 Cir. 9/13/13), 186 So.3d 658, 665, writ denied, 2013-2378 (La. 12/6/13), 129 So.3d 537. Fraudulent intent, or the intent to deceive, is a necessary and inherent element of fraud. Fraud cannot be predicated upon mistake or negligence, no matter how gross. **Id.**

There are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract. **Minton v. Acosta,** 2021-1180 (La.App. 1 Cir. 6/3/22), 343 So.3d 721, 730-31. A trial court's determination of the existence or absence of fraud is a question of fact that will not be disturbed on appeal absent manifest error. **Id.**

Thus, appellate courts are required to review the entire record to ascertain whether manifest error has occurred. Where the standard of review is manifest error, the issue before an appellate court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. See **Jones v. Market Basket Stores, Inc.,** 2022-00841 (La. 3/17/23), 359 So.3d 452, 463. Where findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trial court's findings of fact. **LeBlanc v. Elam,** 2022-0105 (La.App. 1 Cir. 11/4/22), 355 So.3d 21, 27, writ denied, 2022-01714 (La. 2/24/23), 356 So.3d 335. Indeed, where the factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous. **Id.**

In its thorough written reasons, the trial court discussed the evidence offered and testimony presented and made several findings of fact. With regard to the permitting for the construction project, the trial court found that the testimony established that Mr. Rayford obtained a building permit from the City of Bogalusa on December 28, 2006, and obtained an expansion and extension of his permit from James Hall, the former Public Works director for the City of Bogalusa. The trial court specifically found that "the expansion and extension of the permit was consistent with the manner in which

6

permitting was handled by the City of Bogalusa in the years immediately after Hurricane Katrina" and that "the three rental houses were built by Nobles under the authority of the City of Bogalusa."

As to Mr. Rayford's claim that necessary inspections were not conducted on the construction project, the trial court found that "there was more than sufficient evidence to find that such inspections were performed." The trial court referred to Mr. Hall's testimony that he was involved in the various inspections conducted on the houses that Nobles built, including plumbing, building, and air conditioning inspections; that the bank that financed the project also conducted its own inspections on each phase of the project; that Mr. Hall conducted the final inspection on the three rental houses and found no deficiencies in the construction; that the City inspected the construction throughout the project; and that the three houses were built in accordance with the applicable building code. Addressing Mr. Rayford's argument that Mr. Hall was not a certified building inspector, the trial court determined that Mr. Hall's employment and experience satisfied the temporary exemption in effect at the time Mr. Hall inspected the three houses completed by Nobles at the end of February and early March of 2008.[8]

Mr. Rayford also asserted that there was a lapse in insurance coverage by Nobles during the time the three houses were being built, which failed to protect his interests. The trial court pointed out, however, that William McGehee, a commercial insurance broker who had insured Nobles for approximately twenty years, testified that Nobles had no lapse in coverage for the time period at issue. The trial court specifically found the testimony of Mr. McGehee to be credible and determined that there was no lapse in insurance coverage for Nobles during the construction project.

After considering the exhibits and testimony presented at trial on the issue of fraud in the third-party demand, the trial court concluded that Mr. Rayford failed to carry his burden of proving that Nobles made any misrepresentation or suppression of the truth with regard to the obtaining of the building permits, with regard to the conducting of

---

[8] Mr. Hall testified that before Hurricane Katrina, the City of Bogalusa and the Parish of Washington each had their own separate permitting procedures; however, in July of 2008, an ordinance was passed creating an intergovernmental agreement where the parish handled the permitting process. Certification as a building inspector was required, but the ordinance included an exemption regarding certification for prior inspections based on the experience of the inspector.

7

proper inspections, or with regard to maintaining the proper insurance on the construction project, which might have led to a breach of contract or damages. Additionally, the trial court found that Mr. Rayford failed to show that Nobles had the intention to obtain an unjust advantage over him or that Nobles intended for Mr. Rayford to suffer a loss or inconvenience. To the contrary, the trial court found that Mr. Rayford and Nobles had a long-standing business relationship on multiple construction projects. Accordingly, the trial court found no evidence of fraud as alleged by Mr. Rayford.[9]

Considering our own thorough review, we find that the trial court's factual findings as to the issue of fraud are reasonably supported by the record. Mr. Hall, a twenty-five-year employee of the City of Bogalusa, confirmed the validity and applicability of the building permit to Mr. Rayford's construction project. The evidence also showed that when construction on the project began, Nobles confirmed with Mr. Hall that the permit was extended and authorized the construction of the three houses. Further, Mr. Hall testified all scheduled inspections took place, including the final one, at which time he found no deficiencies in the construction. Additionally, Mr. McGehee presented uncontroverted testimony that there was never a lapse in insurance coverage by Nobles during Mr. Rayford's construction project.

Based on the evidence offered and testimony presented, Mr. Rayford failed to show that Nobles misrepresented or suppressed the truth with the intention to obtain an unjust advantage for Nobles or cause a loss or inconvenience to Mr. Rayford. Moreover, we will not disturb the findings of the trial court as the factfinder, who listened to the testimony of the witnesses and has vast discretion in determining the weight and credibility of each witness. Therefore, considering that a reasonable factual basis exists for the trial court's determinations, we find no error in the trial court's conclusion that Mr. Rayford failed to present sufficient evidence to establish that any actions or failures to act by Nobles constituted fraud as alleged by Mr. Rayford.

After finding that Mr. Rayford failed in his burden of establishing the fraud exception set forth in LSA-R.S. 9:2772(H)(1), the trial court considered the peremptory

---

[9] The trial court also stated that it had therefore satisfied the requirements of LSA-R.S. 9:2772(H)(2), having held a separate trial on the issue of fraud.

exceptions raising the objections of peremption and prescription filed by Nobles, stating that this court in **Whitney Bank II** remanded the determination of the objections back to the trial court. The trial court found that the construction of the three rental houses by Nobles on behalf of Mr. Rayford was completed by late February or early March of 2008 and that Mr. Rayford did not file his third-party demand against Nobles regarding the construction of the houses until July 14, 2016, more than eight years later.

Peremption may be raised by a peremptory exception. See LSA-C.C.P. art. 927(A)(2). Peremption has been likened to the objection of prescription and the rules governing the burden of proof as to prescription also apply to peremption. See LSA-C.C. art. 3459; **Nixon v. Nixon**, 2020-0694 (La.App. 1 Cir. 12/30/20), 319 So.3d 315, 318. At the hearing on the exception of peremption, evidence may be introduced to support or controvert the exception. See LSA-C.C.P. art. 931. If evidence is introduced at the hearing on the peremptory exception, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Rando v. Anco Insulations, Inc.**, 2008-1163 (La. 5/22/09), 16 So.3d 1065, 1082.

Louisiana Revised Statutes 9:2772(A)(1)(b) provides that no action, whether arising in contract, tort, or otherwise, shall be brought against any person for the construction of immovables, or improvement to immovable property, more than five years after the owner has occupied or taken possession of the improvement, in whole or in part. Having found the fraud exception in LSA-R.S. 9:2772(H)(1) inapplicable, the trial court concluded that Mr. Rayford's third-party demand against Nobles, filed approximately eight years after Mr. Rayford took possession of the three rental houses and rented them out, was perempted under LSA-R.S. 9:2772(A). The trial court sustained the exceptions filed by Nobles in response to Mr. Rayford's third-party demand and dismissed with prejudice the claims of Mr. Rayford in his third-party demand against Nobles.

The Louisiana Legislature enacted LSA-R.S. 9:2772 in 1964 to protect building contractors from liability for past construction projects that could extend for an indefinite period of time. **Whitney Bank I**, 247 So.3d at 736-37. This statute provides that if an acceptance of the construction or improvements is recorded within six months of

occupancy, the peremptive period begins on the date the acceptance is recorded; if no acceptance is recorded within six months of occupancy, the peremptive period begins on the date of occupancy. LSA-R.S. 9:2772(A)(1); **Whitney Bank I**, 247 So.3d at 737.

In this matter, no evidence was presented indicating that an acceptance of construction was recorded. However, Mr. Rayford testified at the hearing that the houses were constructed between September of 2007 and April 30, 2008. He further testified that within a few months after completion of construction, the homes were leased and occupied. Therefore, the testimony of Mr. Rayford established that sometime before the end of 2008, the houses were occupied. However, Mr. Rayford's third-party demand was not filed until 2016, approximately eight years later. Because Mr. Rayford filed his third-party demand more than five years after he took possession of the houses, we find no error by the trial court in sustaining Nobles' peremptory exceptions, which raised the objections of peremption and prescription, and dismissing Mr. Rayford's claims with prejudice asserted in his third-party demand against Nobles.

## CONCLUSION

For the above reasons, we affirm the February 2, 2023 judgment of the trial court that dismissed with prejudice the claims filed by Henry Rayford in his third-party demand against Nobles Construction, L.L.C. All costs of this appeal are assessed to Henry Rayford.

**AFFIRMED.**